FILED

08/02/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0749

DA 15-0749

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 186N

DUANE RONALD BELANUS,

       Plaintiff and Appellant,

    v.

LEO GALLAGHER,

       Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 2014-625
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Duane Ronald Belanus, self-represented, Deer Lodge, Montana

      For Appellee:

          Mitchell A. Young, Gregory L. Bonilla, MACo Defense Services, Helena, Montana

Submitted on Briefs:  July 13, 2016

Decided:  August 2, 2016

Filed:

                                      Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Duane Ronald Belanus sued Lewis and Clark County Attorney Leo Gallagher to compel Gallagher to deliver copies of his entire case file from the State's 2009 prosecution of Belanus for sexual intercourse without consent and other offenses. Belanus was convicted and sentenced to life in prison for his crimes. The First Judicial District Court held that Gallagher had no legal duty to deliver the file to Belanus. Belanus appeals.

¶3 Soon after his imprisonment, Belanus filed motions with the sentencing court asking for copies of search warrants issued in his criminal case. The presiding judge responded that the requested warrants were not part of the court file, but that he would request Gallagher to provide copies of the warrants. Belanus then wrote several letters to Gallagher. Gallagher responded on November 15, 2014, that he had provided the requested information to Belanus or his agents, and that Belanus's criminal defense attorneys had provided that information to Belanus's father at the conclusion of the criminal case. Gallagher told Belanus that if he wanted additional copies of materials from the file, Gallagher would allow Belanus's designated agent to inspect the file and

2

identify the documents he wanted copied. Gallagher would arrange to have copies made for Belanus's agent.

¶4 Belanus's civil suit in the District Court alleged that Gallagher's failure to deliver copies of the search warrant documents to Belanus violates his rights under the Freedom of Information Act (FOIA), the Montana Public Records Acts, and Article II, Sections 8 and 9, of the Montana Constitution. Belanus later conceded that his claims under the FOIA should be dismissed. The District Court ruled against Belanus on his remaining claims.

¶5 We review the district court's order de novo, applying M. R. Civ. P. 56(c)(3). *Albert v. City of Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704. Summary judgment is appropriate when the moving party demonstrates both an absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Albert*, ¶ 15; M. R. Civ. P. 56(c)(3). Once the moving party has shown the absence of a genuine issue of material fact, the non-moving party must present substantial evidence to raise a genuine issue of material fact. *Harris v. State*, 2013 MT 16, ¶ 11, 368 Mont. 276, 294 P.3d 382.

¶6 Belanus argues that Gallagher "intentionally" failed to provide Belanus with his case file in violation of the Montana Constitution. Belanus argues that he is "fully authorized by law, to obtain any and all implied criminal justice information regarding his own case." Belanus asserts that he is "unable to physically obtain" his files, and because he has "no 'agents' to send for errands over to Gallagher's office to identify

documents to be copied," he is "forced to ask for copies through the mail." He argues that §§ 46-15-322 and -327, MCA, "place[ ] not only an affirmative duty on Gallagher to provide Belanus with his entire case file, but it also places an on-going duty to disclose any new information that may be discovered and brought to Gallagher's attention."

¶7 Observing that the Montana Constitution "does not require a public officer to deliver documents, only that persons not be deprived of the right to examine documents," the District Court found no "procedural mechanism [by which] to order Gallagher to pay a fine or be held responsible for claimed injuries to Belanus." The court also noted that Gallagher had offered to supply Belanus "with whatever documents he desires that are not victim identification information or work product."

¶8 Article II, Section 9, of the Montana Constitution establishes a right to "examine documents." But there is no constitutional provision that establishes a right to have documents delivered. The statutes executing Article II, Section 9, contemplate access to public records—not confidential criminal justice information such as the search warrant affidavits Belanus seeks in this case. Sections 2-6-1002, -1003, MCA. Gallagher informed Belanus nearly two years ago that Belanus's second attorney had given the entire case file to Belanus's father. Gallagher made Belanus's file available for examination and reproduction by inviting Belanus or a responsible agent to visit Gallagher's office and inspect the file. He offered to copy any documents (except for victim identification information or work product) that Belanus or his agent requested. Gallagher did not violate Belanus's constitutional right to know.

4

¶9     Because Gallagher did not violate Article II, Section 9, Belanus cannot argue that his right to participate under Article II, Section 8, was violated by Gallagher's failure to deliver Belanus's case file to him. *See Bryan v. Yellowstone Cnty. Elementary Sch. Dist. No. 2*, 2002 MT 264, ¶ 44, 312 Mont. 257, 60 P.3d 381 ("[T]he 'reasonable opportunity' standard articulated in Article II, Section 8, and § 2-3-111, MCA, demands compliance with the right to know contained in Article II, Section 9.").

¶10    Belanus fares no better under §§ 46-15-322 and -327, MCA. Those statutes pertain to the production of evidence and criminal discovery during a criminal proceeding. Belanus has not shown that the obligations under §§ 46-15-322 and -327, MCA, extend beyond trial to a separate civil case. In any event, § 46-15-322, MCA, requires only that the prosecutor make discovery materials "available to the defendant for examination and reproduction." Section 46-15-322(1), MCA. It does not require that the prosecutor "deliver" discovery documents to a defendant. *State v. Sol*, 282 Mont. 69, 79, 936 P.2d 307, 313 (1997) (concluding that the State was not obligated to deliver results of a test performed on a breathalyzer because the defendant was aware of the tests and the State had made the results available to him "for examination and reproduction").

¶11    Gallagher did not violate the law or constitutional mandate when he refused to mail or otherwise deliver Belanus's file directly to him. Once he made Belanus's file "available for examination and reproduction," Gallagher was under no further legal obligation to act.

5

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. Without authority to support a legal duty, the District Court held correctly that there was no relief it could grant to Belanus on his civil complaint. The District Court correctly interpreted and applied the law. We affirm its order granting summary judgment to Gallagher.


/S/ BETH BAKER


We concur:

/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ MICHAEL E WHEAT

6