FILED

September 9 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0116

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 241

IN THE MATTER OF THE ESTATE OF:

NORMAN W. BENJAMIN,
a/k/a NORMAN WILLIAM BENJAMIN,
and/or NORMAN BENJAMIN,

　　　　　Deceased.

APPEAL FROM:　　District Court of the Ninth Judicial District,
　　　　　　　　In and For the County of Toole, Cause No. DV 09-033
　　　　　　　　Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Delmar Benjamin, self-represented; Shelby, Montana

　　　　　For Appellee:

　　　　　Jason T. Holden; Dana A. Ball; Faure Holden Attorneys at Law, P.C.;
　　　　　Great Falls, Montana

　　　　　　　　　　　Submitted on Briefs:　July 23, 2014
　　　　　　　　　　　　　　　Decided:　September 9, 2014

Filed:

　　　　_____
　　　　　　　　　　Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Delmar Benjamin (Delmar) appeals from the Order of the Ninth Judicial District Court, Toole County, Hon. Robert G. Olson presiding, denying his Petition to Reopen Probate.  We reverse and remand for further proceedings, and restate the issue presented as follows:

¶2      *Did the District Court err by dismissing Delmar's claims for fraud and newly discovered tangible personal property under principles of res judicata?*

### FACTUAL AND PROCEDURAL BACKGROUND

¶3      This matter first arose from a will dispute between Delmar and his brother, Cecil Benjamin (Cecil).  On July 15, 2009, Norman Benjamin (Norman), the father of Delmar, Cecil, and three other children, passed away.  On August 24, 2009, Cecil filed Norman's Last Will and Testament with the Ninth Judicial District Court.  Pursuant to the will, Cecil was named personal representative.  On January 12, 2010, Cecil filed a Petition for Determination of Testacy, For Determination of Devisees and For Settlement and Distribution of a Testate Estate.  The petition identified Norman's wife, Joyce Benjamin (Joyce), as the sole devisee and noted that there would be no distribution of tangible personal property to any of Norman's children.  However, the will contained a pre-residuary bequest providing, in pertinent part, as follows:

> Any tangible personal property . . . shall be distributed to my surviving children (and not to their descendants) as they may agree.  If my surviving children fail to reach agreement within 90 days after the probate of this will, such tangible personal property shall be distributed to them by lot.

The Probate Court held a hearing regarding the petition on January 28, 2010.  Delmar received notice of the petition and the hearing, but did not respond or attend.  The

Petition went unchallenged, and the court entered a decree approving it, which designated Joyce as the sole devisee under the will. Notice of this decree was sent to Delmar.

¶4 On December 6, 2011, Delmar filed an independent action against Cecil and Joyce in the Ninth Judicial District Court. The amended complaint stated a claim for breach of fiduciary duty, alleging, in pertinent part, that Cecil violated his fiduciary duty as personal representative by distributing Norman's tangible personal property in a manner not provided for under the will, namely, by distributing it among the other children and himself, but not to Delmar. On May 22, 2012, the District Court entered an order granting Cecil and Joyce's Motion to Dismiss. With respect to Delmar's breach of fiduciary duty claim, the court reasoned that it lacked subject matter jurisdiction over issues dealing with Norman's estate and dismissed Delmar's complaint "with prejudice." Delmar appealed to this Court and, in *Benjamin v. Benjamin*, 2013 MT 293N, ¶ 9, ___ Mont. ___, ___ P.3d ___ (*Benjamin I*), we held that the district court did not err in determining that it lacked subject matter jurisdiction over Delmar's claim, explaining:

> [b]ecause the estate was probated in the Ninth Judicial District Court in a case with a separate cause number, the district court that probated the estate, rather than the District Court in this cause, had subject matter jurisdiction over the estate pursuant to § 72-1-202(1)(a), (2), MCA.

*Benjamin I*, ¶ 9.

¶5 Subsequently, on November 26, 2013, Delmar filed a Petition to Reopen Probate (Petition), alleging that Cecil committed "actual fraud, actual malice, misrepresentation, and inadequate disclosure" by misrepresenting the extent of Norman's tangible personal property during probate and self-dealing much of this property in violation of

3

§ 72-1-111(1), MCA. He also alleged that there was newly discovered tangible personal property that needed to be distributed in accordance with the subsequent administration provisions of § 72-3-1016, MCA. The District Court *sua sponte* denied Delmar's Petition on the ground that the court in the prior case had "dismissed a similar cause of action with prejudice and that decision was affirmed by the Montana Supreme Court." Delmar appeals.

## STANDARD OF REVIEW

¶6 A district court's application of res judicata is an issue of law that we review for correctness. *Touris v. Flathead Cnty.*, 2011 MT 165, ¶ 10, 361 Mont. 172, 258 P.3d 1.

## DISCUSSION

¶7 *Did the District Court err by dismissing Delmar's claims for fraud and newly discovered tangible personal property under principles of res judicata?*

¶8 The doctrine of res judicata prevents re-litigation of a cause of action that a party has already had the opportunity to litigate. *Lewis & Clark Cnty. v. Schroeder*, 2014 MT 106, ¶ 14, 374 Mont. 477, 323 P.3d 207 (citation omitted). It is premised on the concept that litigation "must come to an end at some point" and that judicial economy is promoted by a single action instead of multiple suits. *Olsen v. Milner*, 2012 MT 88, ¶ 20, 364 Mont. 523, 276 P.3d 934 (citiation omitted). Res judicata applies when the following elements are satisfied:

(1) The parties or their privies are the same;

(2) The subject matter of the action is the same;

(3) The issues related to the subject matter are the same; and

4

> (4) The capacities of the person are the same in reference to the subject matter and the issues between them.

*Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 16, 331 Mont. 281, 130 P.3d 1267 (citation omitted). Further, res judicata "only applies once a final judgment on the merits has been entered in an earlier action." *Touris*, ¶ 13 (citations omitted).

¶9 Delmar argues that the merits of his claims have never been addressed by any court. He cites *Cook v. Soo Line R.R. Co.*, 2008 MT 421, ¶ 12, 347 Mont. 372, 198 P.3d 310 for the proposition that "application of res judicata presumes a judgment was rendered on the merits of the case . . . ." Cecil responds that dismissal of Delmar's claims was proper because Delmar should have raised any claims regarding Norman's estate during probate proceedings in 2010, noting the Official Comments to § 72-1-111, MCA, of the Uniform Probate Code provide that "[a]ny action under this section is subject to usual rules of res judicata."

¶10 The District Court held that because Delmar's "similar" claims in *Benjamin I* had been dismissed there "with prejudice," his current claims are barred as well. We have held that when a court lacks subject matter jurisdiction, as the district court determined in *Benjamin I*, it must dismiss the action. *Big Spring v. Conway (In re Estate of Big Spring)*, 2011 MT 109, ¶ 23, 360 Mont. 370, 255 P.3d 121 (citing M. R. Civ. P. 12(h)(3); *Wippert v. Blackfeet Tribe*, 260 Mont. 93, 102, 859 P.2d 420, 425 (1993)).

¶11 A court's dismissal of an action is entered with or without prejudice, depending on the circumstances. A dismissal with prejudice "has a well-recognized legal import. It is the converse of the term 'without prejudice,' and a judgment or decree of dismissal with

5

prejudice is as conclusive of the rights of the parties as if the suit had been prosecuted to a final adjudication adverse to the plaintiff." *Schuster v. Northern Co.*, 127 Mont. 39, 45, 257 P.2d 249, 252 (1953). The Court held that "[t]he words . . . 'with prejudice,' were an express statement that the dismissal was upon the merits." *Schuster*, 127 Mont. at 48, 257 P.2d at 254.

¶12     Although this Court has never directly addressed the issue, many other states' courts have held that dismissal of a claim "with prejudice" for lack of subject matter jurisdiction is improper because a dismissal for lack of subject matter jurisdiction does not go to the merits of the case. *Beaver Cnty. v. Qwest, Inc.*, 31 P.3d 1147, 1152 (Utah 2001); *Trottier v. Bird*, 635 N.W.2d 157, 160 (N.D. 2001); *Bell v. Finnegan (In re B.A.D.)*, 82 So. 3d 608, 614 (Miss. 2012); *Black v. Jackson*, 82 S.W.3d 44, 56 (Tex. App. 2002); *Coyle v. Stroh-Coyle*, 2005 Wash. App. LEXIS 987, **9-10 (Wash. Ct. App. May 9, 2005). M. R. Civ. P. 41(b) provides that an involuntary dismissal or any other dismissal not governed by the rule acts as an adjudication on the merits, *except* in cases where the dismissal results from lack of jurisdiction, improper venue, or failure to join a party. "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. U.S.*, 862 F.2d 201, 204 (9th Cir. 1988).

¶13     In *Benjamin I*, this Court affirmed the District Court's dismissal for lack of subject matter jurisdiction, but did not address the propriety of the "with prejudice" designation of the order, as it was unnecessary to our decision. Here, Delmar has asserted new claims for fraud and newly discovered tangible personal property. Based on the aforementioned

6

authority, Delmar cannot be prevented from litigating his current claims on the ground that his previous breach of fiduciary duty claim was dismissed "with prejudice." Because the district court in *Benjamin I* lacked subject matter jurisdiction, as we so concluded, it was powerless to adjudicate the merits of Delmar's claim and the dismissal "with prejudice" was improper. Accordingly, res judicata does not bar Delmar's fraud and newly discovered tangible personal property claims in this case. The merits of these claims have never been addressed. Importantly, these claims depend on Delmar's ability to establish facts *independent of* the initial proceeding that probated Norman's will. In other words, this is not an opportunity for Delmar to challenge the probate court's interpretation of Norman's will and to argue it should have been interpreted differently. Rather, in order to obtain a remedy, he must prove that Cecil committed fraud during or subsequent to probate or that new tangible personal property was discovered subsequent to the initial probate proceeding. Cecil further argues that these claims are time barred, but that issue was not addressed by the District Court and, if necessary, may be considered on remand.

¶14    Reversed and remanded for further proceedings consistent with this Opinion.


/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA

7