**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DUANE RONALD BELANUS,

    Plaintiff - Appellant,

 v.

LEO DUTTON; et al.,

    Defendants - Appellees.

No. 13-35706

D.C. No. 6:12-cv-00065-DLC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted November 18, 2014[**]

Before:   LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

  Montana state prisoner Duane Ronald Belanus appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging that defendants failed to protect him during

his pretrial detainment. We have jurisdiction under 28 U.S.C. § 1291. We review

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We reverse and remand.

Although Belanus's failure to exhaust is clear from the face of the amended complaint, the district court erred in concluding at this early stage of the proceedings, before defendants have appeared, that administrative remedies were available to Belanus. *See Albino v. Baca*, 747 F.3d 1162, 1172-73 (9th Cir. 2014) (en banc) (holding that it is defendant's burden to prove that there was an available administrative remedy that the inmate failed to exhaust); *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion is not required where administrative remedies are "effectively unavailable"). Accordingly, because dismissal for failure to exhaust was premature, we reverse the judgment and remand for further proceedings.

**REVERSED and REMANDED.**

13-35706