FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0202

DA 14-0202

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 44N

DUANE RONALD BELANUS,

        Plaintiff and Appellant,

   v.

JORGE QUINTANA,

        Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. BDV-2013-449<br>Honorable Jeffrey M. Sherlock, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Duane Ronald Belanus (self-represented); Deer Lodge, Montana

        For Appellee:

            Jorge Quintana (self-represented); Helena, Montana

                                 Submitted on Briefs:  January 14, 2015
                                          Decided:  February 17, 2015

Filed:

                                           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2      Duane Belanus appeals from the order of the Montana First Judicial District Court, Lewis and Clark County, granting summary judgment in favor of Jorge Quintana.  We affirm.

¶3      Criminal proceedings were instituted against Belanus during 2008.  On August 4, 2008, the Lewis and Clark County Justice Court sent a notice of preliminary hearing to Belanus' home.  The hearing was scheduled for August 15, 2008.

¶4      On August 11, 2008, Belanus hired Quintana to represent him in the criminal proceedings.  That same day, Quintana waived the preliminary hearing on Belanus' behalf.  Belanus contends that Quintana did so without his permission and despite Belanus' insistence that the hearing be held.

¶5      Several months later, Belanus hired a new lawyer to represent him.  Quintana transferred Belanus' file to Belanus' new counsel in December 2008 or January 2009.  Belanus was ultimately convicted and sentenced to prison.

¶6      On June 18, 2013, Belanus filed a complaint in the District Court, commencing the present action.  In the complaint, Belanus alleged that a "verbal contract" had been formed, pursuant to which Quintana agreed "that no decision was to be made about Mr. Belanus's

2

case unless first discussed with Mr. Belanus." Belanus further alleged that Quintana breached this agreement when he waived the preliminary hearing.

¶7 On January 21, 2014, Quintana filed a motion asking the District Court for summary judgment. The District Court granted this motion in a March 12, 2014 order. It determined that while he labeled it a claim for breach of contract, Belanus in fact alleged that Quintana had committed malpractice. As the three-year statute of limitations for bringing a malpractice claim ran before Belanus filed his claim, the District Court granted summary judgment. Belanus appeals.

¶8 Belanus argues that the statute of limitations was tolled until June 13, 2012, when he was able to obtain docket information from the Clerk of Court. For this reason, he claims that the statute of limitations had not run by the time he filed his complaint on June 18, 2013, and, accordingly, that the District Court erred by ordering summary judgment.

¶9 We review a district court's grant of summary judgment de novo, applying the same rule, M. R. Civ. P. 56(c)(3), that a district court does when making a summary judgment ruling. *Ehrman v. Kaufman*, 2010 MT 284, ¶ 10, 358 Mont. 519, 246 P.3d 1048. We review a district court's conclusions of law for correctness. *Ereth v. Cascade Cnty.*, 2003 MT 328, ¶ 11, 318 Mont. 355, 81 P.3d 463.

¶10 Claims for breach of a professional service contract can sound in either contract or tort. As the length of the applicable statute of limitations depends upon the characterization of the action, we must determine whether the claim in the present case properly sounds in contract or tort. When doing so, we look to the gravamen of the action rather than relying on the label given to the claim by the plaintiff. If the claim involves a breach of a legal duty

3

imposed by law that arises during the performance of the contract, then the suit properly sounds in tort. *Tin Cup Cnty. Water and/or Sewer Dist. v. Garden City Plumbing & Heating, Inc.*, 2008 MT 434, ¶¶ 25-26, 347 Mont. 468, 200 P.3d 60.

¶11 Here, Belanus' claim is a tort claim rather than a claim for breach of contract. Although he claims that a contract for legal services was formed, he alleges an error in Quintana's practice based on the duties required of Quintana by law.

¶12 The statute of limitations for legal malpractice claims states that "[a]n action against an attorney . . . for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission." Section 27-2-206, MCA.

¶13 Here, the alleged error was Quintana's waiver of a preliminary hearing. We agree with the District Court that Belanus discovered or should have discovered this error when the waiver became part of the court filings, which are public records. Even if this is not so, Belanus should have discovered the preliminary hearing had been waived soon after his June 2009 trial and conviction, at the very latest. This is especially so considering his allegedly vehement insistence upon holding a preliminary hearing.

¶14 Thus, the statute of limitations began to run at some point well before June 2010. Belanus was, therefore, prevented by the three-year statute of limitations from bringing his June 2013 claim, and the District Court was correct to grant summary judgment. As our decision on this issue is dispositive, we do not address the additional arguments Belanus raises on appeal.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our

4

Internal Operating Rules, which provides for nonciteable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶16     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER