FILED

10/18/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0782

DA 14-0782

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 262N

DUANE RONALD BELANUS,

        Petitioner and Appellant,

v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
                      In and For the County of Lewis and Clark, Cause No. BDV-2011-1087
                      Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Duane Ronald Belanus (Self-Represented), Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
                Assistant Attorney General, Helena, Montana

                Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

                               Submitted on Briefs:  September 7, 2016

                                      Decided:  October 18, 2016

Filed:

                                    _____
                                          Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Duane Ronald Belanus appeals from the First Judicial District Court's denial of his petition for postconviction relief (PCR). We affirm.

¶3 Belanus has been before this Court multiple times since his June 2009 jury conviction of numerous offenses including sexual intercourse without consent of his then-girlfriend. Belanus was sentenced to life in prison without parole. He appealed his sentence and we affirmed it in *State v. Belanus*, 2010 MT 204, 357 Mont. 463, 240 P.3d 1021, which provides factual details that will not be repeated here. Belanus subsequently sued his victim, the county attorney, deputy county attorney, law enforcement investigator, sheriff, multiple sheriff's deputies, probation officer, both of his attorneys, and a judge. He appealed the majority of these cases, without success, to the Montana Supreme Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

¶4 In the case before us, Belanus, acting pro se, filed a petition for postconviction relief in November 2011. He alleged at least thirteen trial errors including, but not limited to, improper admission of evidence, fabrication of evidence, ineffective assistance

of counsel, and prosecutorial vindictiveness. Before the State filed its response, he moved to amend his petition to add a fourteenth count. The District Court granted the motion. Belanus subsequently filed five more motions to amend all of which the District Court denied citing § 46-21-105, MCA.[1] Belanus appealed the court's interlocutory denial of his motions to amend and in September 2012 we dismissed the appeal without prejudice.

¶5 In October 2014, the District Court denied Belanus's PCR. In the court's twenty-nine-page detailed order, it identified and refused to address claims that Belanus had already raised on appeal. It then addressed Belanus's numerous claims of ineffective assistance (IAC) by pretrial, trial, and appellate counsel, concluding that Belanus was provided effective counsel or was not prejudiced by counsel's choices and decisions. The District Court further exercised its discretion and denied Belanus's request for a hearing on his petition and appointment of counsel to represent him at the hearing. The court concluded that Belanus had presented "none of the cornerstones of a prima facie case for postconviction relief."

¶6 In his appeal before us, Belanus puts forth eleven allegations of error, many of which are difficult to understand and are confusing. We acknowledge, however, that the majority of them pertain to his claims of ineffective assistance and set forth allegations that the District Court committed reversible error by repeatedly determining that his claims were without merit. We disagree. It is apparent from the District Court's order

---

[1] Section 46-21-105(1)(a), MCA, provides in relevant part: "All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended original petition. The original petition may be amended only once. . . ."

3

that the District Court carefully reviewed Belanus's PCR claims, analyzed each claim under the relevant law, and reached legally supported conclusions. Consequently, the court neither erred nor abused its broad discretion in denying Belanus's petition for postconviction relief on IAC grounds. We note, however, that Belanus asserts that the District Court, relying on *Rosling v. State*, 2012 MT 179, ¶ 45, 366 Mont. 50, 285 P.3d 486, denied his petition because he failed "to call an expert to the stand to substantiate his IAC claims." While the court references *Rosling* in its order, it does not base its denial of Belanus's PCR on Belanus's failure to put forth an expert. Rather, the court set out independent and sufficient grounds for its ruling. Moreover, *Rosling* does not establish a universal requirement for expert testimony in every postconviction petition claiming IAC.

¶7 We acknowledge that Belanus raises issues on appeal that are separate from his claims of IAC; however, we decline to address each of Belanus's remaining issues individually. Rather, having reviewed the issues, the District Court's order, and Belanus's arguments on appeal, we affirm the denial of Belanus's petition.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of the Court, the District Court's findings of fact are not clearly erroneous, its interpretation and application of the law was correct, and its ruling was not an abuse of discretion.

¶9 Affirmed.

4

/S/ MICHAEL E WHEAT

We Concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE