FILED

04/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0541

DA 16-0541

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 95

DUANE RONALD BELANUS,

       Plaintiff and Appellant,

    v.

RAYMOND POTTER, LEO GALLAGHER,
MELISSA BROCH, CATHY MURPHY,
LEWIS AND CLARK COUNTY, and
STATE OF MONTANA,

       Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. CDV-2013-655
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Duane Ronald Belanus (Self-Represented), Deer Lodge, Montana

       For Appellees:

          Mitchell A. Young, Gregory L. Bonilla, MACo Defense Services,
Helena, Montana

Submitted on Briefs:  February 15, 2017

Decided:  April 26, 2017

Filed:

                                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Duane Ronald Belanus appeals from the First Judicial District Court's grant of Defendants' motion for summary judgment and the court's issuance of a pre-filing order based upon the District Court's declaration that Belanus is a vexatious litigant. We affirm.

## ISSUES

¶2 Did the District Court correctly determine that Belanus's case is barred by the statute of limitations?

¶3 Did the District Court correctly determine that Belanus's case is barred by res judicata?

¶4 Did the District Court abuse its discretion by finding Belanus to be a vexatious litigant and issuing a pre-filing order against him?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 This case originated, as did many others, with Belanus's June 2009 conviction of aggravated kidnapping and sexual intercourse without consent of his then-girlfriend, T.C. A principal piece of evidence presented to the jury in that case was a taped telephone conversation that occurred a few months before the assault during which a drunken Belanus threatened T.C. with death and bodily injury. Belanus objected to admission of the audio recording, asserting that its probative value "was substantially outweighed by the danger of unfair prejudice." The District Court overruled the objection, admitted the recording into evidence, and on June 12, 2009, Belanus was found guilty. On August 13, 2009, he was sentenced to life in prison without parole. He appealed his sentence and in *State v.*

2

*Belanus*, 2010 MT 204, 357 Mont. 463, 240 P.3d 1021, we affirmed the District Court's admission of the audio recording over Belanus's objection and held that Belanus failed to demonstrate that the District Court abused its discretion.

¶6 Subsequently, as we noted in our recent memorandum opinion, *Belanus v. State*, 2016 MT 262N, ¶ 3, No. DA 14-0782, 2016 LEXIS 923, Belanus sued his victim, the county attorney, deputy county attorney, law enforcement investigator, sheriff, multiple sheriff's deputies, probation officer, both of his attorneys, and a judge. He appealed the majority of these cases, without success, to the Montana Supreme Court, the Ninth Circuit Court of Appeals, and the United States Supreme Court.

¶7 One of these subsequent cases was initiated in May 2011 when Belanus filed a complaint in the United States District Court for the District of Montana, Helena Division, against T.C., Potter, Gallagher, Broch, Murphy, and Jeffrey Sherlock. All of these defendants were participants in Belanus's 2009 criminal trial. T.C. was the victim, Potter was the Lewis & Clark County investigator, Gallagher and Broch were the County prosecutors, and Murphy was the Department of Corrections probation/parole officer who conducted the pre-sentencing investigation of Belanus. Sherlock was the presiding judge.

¶8 Belanus claimed that T.C. unlawfully taped their conversation, and the taping and subsequent use of the taped conversation by the defendants violated his Fourth Amendment constitutional rights and the federal wiretap statute, 18 U.S.C. §§ 2510-2522. The defendants moved to dismiss the complaint for failure to state a claim for which relief could be granted. The federal magistrate analyzed Belanus's claims under both federal and state constitutions and federal and state wiretapping statutes. The magistrate dismissed

3

Belanus's complaint with prejudice, holding that Belanus failed to state a claim under any of the constitutional or statutory provisions raised and analyzed. Following Belanus's objection to the magistrate's ruling, U.S. District Court Judge Donald W. Molloy conducted a de novo review and affirmed the magistrate's order. *Belanus v. Chandler, et al*, No. CV 11-00026-H-DWM-RKS, pp. 2-3, (U.S. Dist. Court, Dist. Of Montana, Helena Division) (Aug. 29, 2011).

¶9 On September 13, 2013, Belanus filed his first complaint and demand for jury trial in the case before us in the First Judicial District Court. He sought declaratory relief and nominal, compensatory, and punitive damages for violations of his civil rights and injury to his person sustained through the actions of defendants Potter, Gallagher, Broch and Murphy. While summonses were issued at that time, they were not served and no further activity occurred in the case until November 5, 2015, when Belanus filed a second complaint and demand for jury trial naming Potter, Gallagher, Broch, Murphy, the State of Montana, and Lewis & Clark County.

¶10 As he did in the federal case, Belanus alleged in his complaint that T.C. had illegally recorded their telephone conversation without his knowledge or consent. He claimed the recording was "out-of-context," violated the Montana "privacy in communications" statute at § 45-8-213(1)(c), MCA, and his state and federal constitutional rights.

¶11 Neither Murphy nor the State answered the second complaint and the District Court determined they had not been properly served; consequently, they are not parties in this appeal. The remaining defendants, Potter, Gallagher, Broch and the County (hereinafter County Defendants) moved to dismiss the complaint and sought a designation from the

4

court that Belanus is a vexatious litigant. County Defendants argued that Belanus's complaint should be dismissed on both statute of limitations and res judicata grounds. They also urged the District Court to impose a pre-filing order on Belanus. On July 26, 2016, after converting the County Defendants' motion to dismiss to a motion for summary judgment under M. R. Civ. P. 12(d) and 56, the District Court granted summary judgment to the County Defendants, declared Belanus a vexatious litigant, and imposed a pre-filing order on him.

¶12 Belanus filed a timely appeal.

## STANDARD OF REVIEW

¶13 We review a district court's summary judgment ruling de novo, applying the same M. R. Civ. P. 56 criteria used by the district court. Summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c). Once the moving party accomplishes this, the burden shifts to the opposing party to prove, by more than mere denial and speculation, that a genuine issue of material fact exists and that the moving party is not entitled to judgment as a matter of law. *Ehrman v. Kaufman*, 2010 MT 284, ¶ 10, 358 Mont. 519, 246 P.3d 1048 (internal citations omitted).

¶14 Whether a district court correctly applied the statute of limitations is a question of law we review for correctness. *Estate of Woody v. Big Horn Cnty.*, 2016 MT 180, ¶ 7, 384 Mont. 185, 376 P.3d 127 (internal citations omitted). We review a district court's application of the doctrine of res judicata for correctness. *In re Estate of Benjamin*, 2014 MT 241, ¶ 6, 376 Mont. 300, 339 P.3d 1232.

5

¶15   We review a pre-filing order entered against a vexatious litigant for abuse of discretion.  The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason.  *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631 (internal citations omitted).

## DISCUSSION

¶16   *Did the District Court correctly determine that Belanus's case is barred by the statute of limitations*?

¶17   A statute of limitations begins to run "when the claim or cause of action accrues." Section 27-2-102(2), MCA.  A claim accrues "when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Section 27-2-102(1)(a), MCA.

¶18   The claims Belanus raises are constitutional torts and are subject to the three-year statute of limitations set forth in § 27-2-204(1), MCA.  *Sunburst Sch. Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶ 63, 338 Mont. 259, 165 P.3d 1079.  The recording of the telephone conversation at the center of this case was admitted into evidence during Belanus's criminal trial on June 12, 2009; as such, his tort claim accrued on that day.  The three-year statute of limitations expired on June 12, 2012.  Belanus filed his original complaint in the case before us in September 2013, more than four years after his cause of action accrued.  As noted above, there is no record that the September complaint was served.  He filed his

6

second complaint, which triggered defendant responses, in November 2015, more than six years after his claim accrued.

¶19     Belanus argues that based upon his federal action, § 27-2-407, MCA, provided him with an additional year in which to file his state district court claim. Belanus is incorrect.

¶20     Section 27-2-407, MCA, provides, in relevant part:

> If an action is commenced within the time limited for the action and . . . *the action is terminated in any other manner than by* a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or *a final judgment upon the merits*, the plaintiff . . . may commence a new action for the same cause after the expiration of the time limited and within 1 year after a reversal or termination. (Emphasis added.)

¶21     Belanus brought his federal action on these allegations in May 2011; consequently, his federal action was commenced "within the time limited for the action." Subsequently, however, his federal action was terminated on *a final judgment upon the merits*. A "final judgment upon the merits" is one of three ways in which an action may be terminated that will *not* provide a one-year extension of the statute of limitations. Therefore, under the plain language of this statute, the statute does not apply to Belanus's case and did not extend the statutory three-year limitation.

¶22     As § 27-2-407, MCA, is inapplicable, and Belanus did not file his cause of action with the District Court before June 12, 2012, the District Court did not err in determining that Belanus's claim is barred by the applicable statute of limitations.

¶23     *Did the District Court correctly determine that Belanus's case is barred by res judicata?*

¶24     The State argues that the underlying facts of Belanus's complaint and the legal theories upon which he relies are identical to those raised and decided in the federal suit

filed by Belanus against the same parties and that relitigation of those matters in this case is barred by the doctrine of res judicata.

¶25 The doctrine of res judicata prohibits relitigation of a cause of action once a final judgment has been entered. "Once there has been a full opportunity to present an issue for judicial decision in a given proceeding, the determination of the court in that proceeding must be accorded finality as to all issues raised or which fairly could have been raised, else judgments might be attacked piecemeal and without end." *Olympic Coast Inv., Inc. v. Wright*, 2005 MT 4, ¶ 26, 325 Mont. 307, 105 P.3d 743 (internal citations omitted). The doctrine of res judicata applies when the following elements are satisfied: (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and the issues between them. *Olympic Coast Inv.,* ¶ 26.

¶26 It is undisputed that Belanus named Potter, Gallagher, and Broch as defendants in his federal action. Additionally, Belanus does not dispute that Potter, Gallagher, and Broch are named in this case in the same capacities in which they were named in the federal action. Therefore, factors (1) and (4) are satisfied. Belanus asserts, however, that the subject matter and the legal issues presented in the case before us are different from those presented and decided in the federal case. We disagree.

¶27 In the complaint in the case before us, Belanus alleged that T.C. unlawfully recorded a telephone conversation in which he drunkenly threatened her. T.C. then allowed this recording to be distributed to the county investigator, county attorneys, and a probation/parole officer who used the recording to prosecute him. He claimed this was a

8

violation of his Article II, Sections 10 and 11 Montana constitutional rights and the Montana privacy in communication statute, § 45-8-213, MCA.

¶28 As noted above, the federal court analyzed Belanus's claims under the federal and state constitutions as well as the Federal Wiretapping Act, 18 U.S.C. §§ 2510-2522, and § 45-8-213, MCA. The federal court concluded Belanus had failed to state a claim under any of the legal theories raised. Consequently, Belanus's claims in the case before us that T.C.'s recording of the telephone call violated his state constitutional rights and the state statute protecting private communications have been decided by the federal court and may not be relitigated. The District Court did not err when it determined that Belanus's claims against Potter, Gallagher, and Broch were barred by res judicata. As for Belanus's claim against the County, who was not a party to the federal action and therefore is not protected by res judicata, it is barred by the statute of limitations as discussed above.

¶29 *Did the District Court abuse its discretion by finding Belanus to be a vexatious litigant and issuing a pre-filing order against him*?

¶30 Belanus argues the District Court abused its discretion when it declared him a vexatious litigant and imposed a pre-filing order against him. The District Court's pre-filing order prohibits Belanus from filing any complaint, petition, or other pleading of his own creation that purports to initiate a new cause of action without the express written permission of the District Court. The Clerk of the District Court is directed to present any attempted filing by Belanus to the District Court for review.

¶31 Article II, Section 16 of the Montana Constitution guarantees every person access to the courts of the state. However, that right is not absolute and may be reasonably

9

restricted upon a showing of a "legitimate state interest." *Motta v. Granite Cnty. Comm'rs.*, 2013 MT 172, ¶ 18, 370 Mont. 469, 304 P.3d 720. In *Motta*, we set forth the factors used by the Ninth Circuit Court of Appeals to review pre-filing orders entered against a vexatious litigant, which include: (1) whether the litigant was given notice and a chance to be heard before an order was entered; (2) whether the trial court has compiled "an adequate record for review"; (3) whether the trial court has made substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (4) whether the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered." *Motta*, ¶ 20 (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)).

¶32 The Ninth Circuit also employs a five-factor test to examine whether a pre-filing order is justified: (1) the litigant's history of litigation and, in particular, whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Motta*, ¶ 20.

¶33 Belanus asserts that the District Court failed to satisfy several of these requisite factors, including the requirement to "compile an adequate record." Contrary to this claim, however, the District Court, in its order, acknowledged the 2011 federal case and the case before it at the time. It further noted that:

Since his conviction, Belanus has filed numerous *pro se* lawsuits against his victim, the prosecutors, law enforcement officers, probation officer, and judge, all stemming from his criminal conviction. Weaving through the various actions and the procedurally unrecognizable pleadings that fill each file is an arduous process, albeit necessary to address Defendants' motion to have Belanus designated a vexatious litigant.

¶34 The District Court specifically referenced nine other civil lawsuits that Belanus filed in the District Court related to his criminal case. The presiding judge in this case, Judge Kathy Seeley, presided over several of these previous cases. The court cited seven of those cases by cause number and provided a short summary and the disposition or status of each case. The court referenced District Court Judge Sherlock's observation in Belanus's post-conviction relief case that Belanus's motion practice involved, "a never-ending torrent of procedurally deficient and incomprehensible filings." Additionally, the District Court expressly noted this Court's order of May 24, 2016, in Belanus's post-conviction appeal (*Belanus v. State*, 2016 MT 262N, No. DA 14-0782, 2016 LEXIS 923) in which we stated: "Belanus' frivolous motions have placed a strain on judicial resources and his practice is making a mockery of the judicial system. This Court declines to entertain any more motions from Belanus in this appeal."

¶35 Relying on *DeLong v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990), Belanus claims the District Court was required to set forth the entirety of his past case and motion filings without which the District Court could not justify enjoining him from future filings. In *DeLong*, the Ninth Circuit initially stated "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *DeLong*, 912 F.2d at 1147. In this case, providing such a

11

detailed list as suggested in *DeLong* would be a staggering task. *DeLong* further states that "[a]t the least, the record needs to show . . . that the litigant's activities were numerous and abusive." *DeLong*, 912 F.2d at 1148. The District Court's review of Belanus's past litigation cases and practices and its resulting order are adequate to support its determination that Belanus is a vexatious litigant.

¶36 Belanus further argues, in accordance with *DeLong*, that the District Court made no factual finding that his individual claims were frivolous. In the alternative, he asserts that the court did not find that the number of complaints he filed was inordinate or that his claims show a pattern of harassment. As noted above, the District Court determined that all of Belanus's multiple cases were attempts to re-litigate his 2009 criminal conviction that had been upheld on appeal. The court referenced this Court and District Court Judge Sherlock's conclusions that Belanus's motions and cases were frivolous and harassing. The District Court noted U.S. District Court Judge Molloy's certification that any appeal of the federal decision that Belanus may attempt "would not be taken in good faith," i.e., a direct reference to one of the *Motta* factors for examining whether a pre-filing order is justified. While not expressly referenced in the court's order, the federal court's order of a strike against Belanus for a frivolous filing supports the District Court's determination that the nature of Belanus's litigation is frivolous and harassing.

¶37 Lastly, Belanus challenges the breadth of the pre-filing order prohibiting him from initiating a new cause of action without the express permission of the court. The District Court observed, "Facing a sentence of life without parole, Belanus has little incentive to refrain from conjuring up various allegations against those involved with his conviction."

12

We agree. Based upon this observation and the voluminous record of legal cases Belanus has produced since his criminal proceeding, the District Court's pre-filing order was tailored to fit Belanus's "specific vice." *Motta*, ¶ 20.

## CONCLUSION

¶38 For the foregoing reasons, we affirm the District Court's July 26, 2016 Order. The court correctly applied the statute of limitations and doctrine of res judicata. The District Court did not abuse its discretion in finding Belanus a vexatious litigant and imposing a pre-filing order. The pre-filing order satisfied the *Motta* factors.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE