FILED

09/19/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0543

DA 16-0543

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 232N

DUANE RONALD BELANUS,

      Petitioner and Appellant,

    v.

JEFFREY SHERLOCK, LEO GALLAGHER,
and LEWIS and CLARK COUNTY,

      Respondents and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2015-774
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Duane Ronald Belanus, self-represented, Deer Lodge, Montana

      For Appellees:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs:  August 30, 2017

Decided:  September 19, 2017

Filed:

                                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1   Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of non-citable cases published in the Pacific Reporter and Montana Reports.

¶2   Duane Belanus (Belanus) appeals from the Lewis and Clark County District Court's denial of his second petition for postconviction relief (PCR).

¶3   In August of 2008, Belanus brutally attacked and raped his then-girlfriend. A jury convicted him of sexual intercourse without consent involving the infliction of bodily injury, aggravated kidnapping, burglary, tampering with or fabricating physical evidence, and misdemeanor theft, which we affirmed. *State v. Belanus*, 2010 MT 204, 357 Mont. 463, 240 P.3d 1021. The District Court denied Belanus's extensive first petition for PCR, which we affirmed. *Belanus v. State*, No. DA 14-0782, 2016 MT 262N, 2016 Mont. LEXIS 923. Belanus has litigated and attempted to litigate many other issues arising out of the same conviction. The District Court declared Belanus a vexatious litigant and imposed a pre-filing order, which we affirmed. *Belanus v. Potter*, 2017 MT 95, 387 Mont. 298, 394 P.3d 906. Belanus moved for supervisory control three times while this case was in the District Court, which, due to their repetitive nature, led us to prohibit Belanus from seeking any additional writs. *Belanus v. Sherlock*, No. OP 15-0454, 381 Mont. 543, 357 P.3d 336 (table) (Aug. 12, 2015).

¶4     When reviewing the denial of a petition for PCR, this Court reviews legal conclusion for correctness and factual findings for clear error. *Haagenson v. State*, 2014 MT 223, ¶ 8, 376 Mont. 239, 332 P.3d 268 (citations omitted).

¶5     Under § 46-21-105, MCA, issues which reasonably could have been raised in a prior proceeding are waived in subsequent PCR proceedings. *See also Blaney v. Gamble*, 266 Mont. 51, 53, 879 P.2d 51, 53 (1994). The statute provides "[t]he court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." Section 46-21-105(1)(b), MCA. Likewise, "[w]hen a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a [PCR proceeding]." Section 46-21-105(2), MCA. Further, ineffective assistance of counsel claims related to the first PCR claim may not be raised in a second petition for PCR. Section 46-21-105(2), MCA.

¶6     In this appeal from the denial of his second PCR petition, Belanus raises many issues, which are all related to the warrants and searches during the criminal investigation, the disclosure of information, and the effectiveness of his counsel. The District Court concluded: "[t]he Court has reviewed Belanus's first petition, [the first PCR opinion], and the second petition. The second petition does not raise new grounds—it simply attempts to rehash the same issues couched in different language than Belanus raised in his initial petition." We concur with the District Court. All the issues raised by Belanus in his second

3

petition for PCR reasonably could have been—and indeed were—raised in his direct appeal and/or his first petition for PCR. Therefore, Belanus waived his ability to raise these issues in his second petition for PCR.

¶7      Further, we note that under § 46-21-102(1), MCA, a petition for PCR must be filed within one year after a conviction becomes final. If appealed to this Court and review is not sought in the United States Supreme Court, as was the case with Belanus's criminal conviction, then the conviction is final 90 days after the Montana Supreme Court issues its decision. *See* § 46-21-102(1)(b), MCA; Rule 13, Rules of the United States Supreme Court; *Raugust v. State*, 2003 MT 367, ¶ 15, 319 Mont. 97, 82 P.3d 890. Therefore, Belanus's petition for PCR was time barred after December 20, 2011, one year and 90 days after we affirmed his criminal conviction on September 21, 2010. Belanus did not bring his second petition for PCR until October 1, 2015, well outside of the statutory limitation. Therefore, his second petition for PCR is also time barred.

¶8      There is an exception to the one-year limitation for PCR claims, but only if newly discovered evidence would establish innocence. Section 46-21-102(2), MCA; *See also*, *Marble v. State*, 2015 MT 242, ¶¶ 29-31, 380 Mont. 366, 355 P.3d 742. This exception does not apply, as Belanus does not contend that he has discovered new evidence. He only predicts that he will discover new evidence, which does not meet the requirements of the statutory exception.

¶9 Belanus encourages us to circumvent the procedural bars to his claims and engage in discretionary plain error review. We decline, as Belanus's constitutional claims have already been extensively litigated and appealed in prior proceedings.[1]

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We conclude that the Appellant's arguments were both waived and are time barred.

¶11 Affirmed.


/S/ JIM RICE

---

[1] This will be our sixth opinion related to the 2008 crime. *See State v. Belanus*, 2010 MT 204, 357 Mont. 463, 240 P.3d 1021; *Belanus v. Quintana*, No. DA 14-0202, 2015 MT 44N, 2015 Mont. LEXIS 48; *Belanus v. Gallagher*, No. DA 15-0749, 2016 MT 186N, 2016 Mont. LEXIS 513; *Belanus v. State*, No. DA 14-0782, 2016 MT 262N, 2016 Mont. LEXIS 923; *Belanus v. Potter*, 2017 MT 95, 387 Mont. 298, 394 P.3d 906.

We have considered an interlocutory appeal and three requests for supervisory control from Belanus. *See Belanus v State*, No. DA 12-0232, Or. (Mont., Sept. 11, 2012); *Belanus v. Sherlock*, No. OP 15-0369, 379 Mont. 538, 353 P.3d 508 (table) (June 30, 2015); *Belanus v. Sherlock*, No. OP 15-0383, 381 Mont. 541, 357 P.3d 335 (table) (July 7, 2015); *Belanus v. Sherlock*, No. OP 15-0454, 381 Mont. 543, 357 P.3d 336 (table) (Aug. 12, 2015).

Belanus has or had four cases in Federal District Court. *See Belanus v. Chandler*, No. CV 11-00026-H-DWM-RKS (D. Mont.); *Belanus v. Clark*, No. CV 12-00051-H-DLC (D. Mont.); *Belanus v. Dutton*, No. CV 12-00065-H-DLC (D. Mont.); *Belanus v. Kirkegard*, No. CV 16-104-H-DLC-JTJ (D. Mont.). He has appealed two of those to the Ninth Circuit Court of Appeals. *See Belanus v. Dutton*, 586 F. App'x 447 (9th Cir. 2014); *Belanus v. Clark*, 796 F.3d 1021 (9th Cir. 2015). Belanus also has or had at least five additional cases in Lewis and Clark County District Court which he has not appealed.

We concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA