FILED

05/05/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0492

DA 25-0492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 95

---

MATTHEW HEAVEN,

     Plaintiff and Appellant,

  v.

STEVEN PAUL WEBER &
KRISTI LYNN WEBER,

     Defendants and Appellees.

---

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-23-06
Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Matthew Heaven, Self-Represented, Bellevue, Washington

     For Appellee:

     Jeffrey Ellingson, Kaufman Vidal Hileman Ellingson, PC, Kalispell,
Montana

---

     Submitted on Briefs:  February 4, 2026

     Decided:  May 5, 2026

Filed:

_____
               Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Matthew Heaven appeals the June 16, 2025 order of the Montana Twentieth Judicial District Court, Lake County, denying Heaven's motion to disqualify District Court Judge Molly Owen; declaring Heaven a vexatious litigant; and enjoining Heaven from filing pleadings without leave of the court. We restate and address the following issues:

> *Issue 1: Whether the District Court abused its discretion by declaring Heaven a vexatious litigant and imposing the requirement that he first obtains leave of the court before filing any future pleadings.*
>
> *Issue 2: Whether the District Court correctly denied Heaven's motion for disqualification.*
>
> *Issue 3: Whether the District Court transmitted the record on appeal.*

¶2 We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 This appeal arises from the underlying matter in which Heaven sued Steven Paul Weber and Kristi Lynn Weber (the Webers) for breach of contract, fraud, intentional infliction of emotional distress, and defamation. The District Court held a bench trial in May 2024. The District Court entered judgment in favor of the Webers on all of Heaven's claims pursuant to its July 24, 2024 Findings of Fact and Conclusions of Law.

¶4 Heaven filed numerous post-trial and post-judgment motions, including two virtually identical motions for post-judgment relief pursuant to M. R. Civ. P. 60(b)(1). In each filing Heaven argued in part that vacating the judgment was warranted because Heaven allegedly discovered new evidence that the United States Federal Bureau of

Investigations (FBI) tampered with the case. On March 26, 2025, the District Court issued an order denying one of Heaven's Rule 60(b)(1) motions. On April 16, 2025, the District Court issued an order denying all of Heaven's pending motions.

¶5 In May 2025, Heaven filed a motion to disqualify Judge Owen based on allegations of judicial bias, judicial misconduct, and external influence. On May 12, 2025, Judge Owen denied the motion and continued to preside over the case. Heaven subsequently filed two motions to disqualify Judge Owen based on the same grounds. On June 16, 2025, Judge Owen denied Heaven's motions to disqualify, declared Heaven a vexatious litigant, and enjoined Heaven from "fil[ing] any pleadings" without leave of the court.

## STANDARDS OF REVIEW

¶6 We review a district court's order deeming a litigant vexatious for an abuse of discretion. *Boushie v. Windsor*, 2014 MT 153, ¶ 8, 375 Mont. 301, 328 P.3d 631 (citation omitted). "The question under this standard is not whether we would have reached the same decision as the trial judge, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason." *Belanus v. Potter*, 2017 MT 95, ¶ 15, 387 Mont. 298, 394 P.3d 906 (citation omitted).

¶7 We review judicial disqualification questions de novo to determine whether the lower court's decision was correct. *In re Est. of Boland*, 2019 MT 236, ¶ 19, 397 Mont. 319, 450 P.3d 849 (citations omitted). "Our inquiry requires an objective examination of the circumstances surrounding potential judicial disqualification and an accurate

interpretation of the Montana Code of Judicial Conduct." *State v. Strang*, 2017 MT 217, ¶ 13, 388 Mont. 428, 401 P.3d 690 (citation omitted).

## DISCUSSION

¶8 *Issue 1: Whether the District Court abused its discretion by declaring Heaven a vexatious litigant and imposing the requirement that he first obtains leave of the court before filing any future pleadings.*

¶9 Article II, Section 16, of the Montana Constitution guarantees every individual access to Montana courts. It does not guarantee individuals unrestricted access to state courts as access may be reasonably restricted to further a legitimate state interest. *Belanus*, ¶ 31 (citing *Motta v. Granite Cnty. Comm'rs*, 2013 MT 172, ¶ 18, 370 Mont. 469, 304 P.3d 720).

¶10 We have adopted the Ninth Circuit's four-factor test to review a trial court's order declaring a litigant vexatious:

> [1] whether the litigant was given notice and a chance to be heard before the order was entered;
>
> [2] whether the trial court has compiled an "adequate record for review;"
>
> [3] whether the trial court has made substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and
>
> [4] whether the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered."

*Motta*, ¶ 20 (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). The first two factors are procedural considerations; factors three and four substantively address whether a specific party is a vexatious litigant and whether the order

4

has been crafted to enjoin the litigant's abusive actions without unduly infringing on the litigant's right to access the courts. *Molski*, 500 F.3d at 1057-58.

¶11     We employ a five-factor test to examine whether an order requiring a litigant to first obtain leave of the court before filing any future pleadings ("pre-filing order") is justified:

> (1) the litigant's history of litigation and, in particular, whether it has entailed vexatious, harassing, or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation; e.g., whether the litigant has an objective good faith expectation of prevailing;
>
> (3) whether the litigant is represented by counsel;
>
> (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and
>
> (5) whether other sanctions would be adequate to protect the courts and other parties.

*Motta*, ¶ 20 (citing *Molski*, 500 F.3d at 1058).

¶12     Whether a litigant "was given notice and an opportunity to be heard before the district court entered the pre-filing order" embodies the "core requirement[s] of due process." *Molski*, 500 F.3d at 1058 (citation omitted). Due process does not require a court to hold an evidentiary hearing prior to issuing a pre-filing order, but the litigant must at least be afforded the opportunity to oppose a pre-filing order in writing. *See Molski*, 500 F.3d at 1058-59 (citation omitted) (holding the district court satisfied factor one and due process by allowing the litigant to oppose the imposition of a pre-filing order "in writing and at a hearing"); *see also Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d

1112, 1118 (9th Cir. 2000) (the opportunity to brief the appropriateness of attorney sanctions prior to levying sanctions satisfied due process).

¶13    The District Court warned Heaven in its April 16, 2025 order denying all his pending post-judgment motions that "if he continues to file frivolous motions, the Court will declare him a vexatious litigant."  But the record does not indicate that the District Court provided Heaven with an opportunity to be heard—either orally or in writing— before it declared Heaven a vexatious litigant and entered the pre-filing order.  The need for a pre-filing order may well be appropriate in this case.  But despite how appropriate a pre-filing order may be, a trial court must provide a litigant with notice and an opportunity to be heard before imposing a pre-filing order.  *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999) (citation omitted) ("Even when such a sua sponte injunction is proper . . . such an injunction may not issue without notice to the party enjoined and an opportunity for that party to be heard.").

¶14    The District Court's order declaring Heaven a vexatious litigant and imposing a pre-filing order lists the five factors we adopted in *Motta* and summarily finds that they have been satisfied.  This is not adequate to establish the substantive basis for declaring Heaven a vexatious litigant and issuing a pre-filing order.  *Boushie*, ¶¶ 20-21 (concluding the district court adequately supported its findings in part by referencing the litigant's history of frivolous lawsuits based on nearly identical allegations).  The District Court abused its discretion by declaring Heaven a vexatious litigant and imposing a pre-filing order without providing him with an opportunity to be heard and without substantively

addressing the factors we have established for declaring a litigant vexatious and imposing a pre-filing order. We make no determination at this juncture whether such a declaration and order are appropriate. We remand only for the purpose of allowing Heaven to be heard and to allow the District Court the opportunity to issue a substantive order addressing the factors we have established for declaring a litigant vexatious and issuing a pre-filing order.

¶15     *Issue 2: Whether the District Court correctly denied Heaven's motion for disqualification.*

¶16     Rule 2.12 of the Montana Code of Judicial Conduct and §§ 3-1-803, and -805, MCA, govern judicial disqualifications. *Draggin' Y Cattle Co., Inc. v. Addink*, 2016 MT 98, ¶ 18, 383 Mont. 243, 371 P.3d 970 (*Draggin' Y I*) (citations omitted). Rule 2.12(A) provides that "'[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned.'" *Draggin' Y I*, ¶ 24 (quoting M. C. Jud. Cond. 2.12(A)). The presiding judge may resolve a disqualification issue unless a party properly moves for disqualification under § 3-1-805, MCA. *See Draggin' Y I*, ¶ 22 (citing M. C. Jud. Cond. 2.7); *e.g.*, *In re Est. of Boland*, ¶¶ 35-37, 41. Section 3-1-805, MCA, sets forth the procedural requirements a party must follow to have another district court judge assigned to hear the disqualification issue, including requiring the party to "'file an affidavit alleging facts showing personal bias or prejudice of the presiding judge[.]'" *Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 2017 MT 125, ¶ 31, 387 Mont. 430, 395 P.3d 497 (*Draggin' Y II*) (quoting § 3-1-805(1), MCA).

¶17    Heaven asserts on appeal that Judge Owen erred by not recusing herself because he presented "credible evidence questioning" her impartiality, including evidence of bias, collusion, ex parte communication, "irregular orders," and "unexplained record inconsistencies." Heaven made numerous allegations in his motions for disqualification that he contends established judicial bias and judicial misconduct, including that Judge Owen "[d]enied all [his] Rule 60(b) motions without analysis" despite his allegations of FBI misconduct; that the FBI communicated ex parte with Judge Owen; and that Judge Owen colluded with the FBI. Judge Owen determined Heaven's motions for disqualification were procedurally defective because they were not accompanied by a supporting affidavit as required by § 3-1-805, MCA. The record supports Judge Owen's finding that Heaven's motions were not accompanied by an affidavit as required by § 3-1-805, MCA, and she correctly denied them accordingly. Judge Owen did not err by denying Heaven's motions for disqualification.

¶18    *Issue 3: Whether the District Court transmitted the record on appeal.*

¶19    Heaven argues the District Court failed to transmit a complete record on appeal by failing to transmit an exhibit that he purportedly provided to the District Court on August 11, 2025. On September 8, 2025, Heaven moved this Court to compel the District Court to transmit the exhibit as part of the record on appeal. Citing M. R. App. P. 8(1), we denied Heaven's motion because we determined that "[t]his exhibit is not part of the court record." *Heaven v. Weber*, No. DA 25-0492, Order (Mont. Sept. 23, 2025).

¶20 M. R. App. P. 8(1) defines the record on appeal as "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court[.]" The record on appeal in this case includes the June 16, 2025 order that Heaven appeals, the admitted evidence at the time the order was issued, and the proceedings upon which the District Court based its ruling. The exhibit that Heaven asserts is part of the record on appeal is a filing that occurred well after the District Court issued the June 16, 2025 order. The District Court provided the Court with a sufficient record on appeal. *See Johnson v. Spire Home Inspection, LLC*, No. DA 25-0480, 2026 WL 883942, at *2 (Mont. Mar. 31, 2026) (granting appellant's motion to strike appellee's brief that referenced district court filings subsequent to the order being appealed).

## CONCLUSION

¶21 The District Court abused its discretion by declaring Heaven a vexatious litigant and issuing a pre-filing order without first providing Heaven with an opportunity to be heard and supporting its order with an adequate analysis. We vacate the District Court's order declaring Heaven a vexatious litigant and issuing a pre-filing order and remand this matter to allow Heaven to be heard on this issue in the manner the District Court deems appropriate. If after allowing Heaven the opportunity to be heard, the District Court again determines an order declaring Heaven a vexatious litigant is in order, it shall issue a substantive order addressing the factors for such an order. The District Court did not err

9

by denying Heaven's motion for disqualification. The District Court provided the correct record for this Court's review on appeal.

¶22 We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE