

DA 07-0345

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 350

BRUCE K. DOVEY,

        Plaintiff and Appellant,

   v.

BNSF RAILWAY COMPANY, a Delaware Corporation,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 05-1003
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          J. Dwaine Roybal; Roybal & Lee, P.C., Billings, Montana

      For Appellee:

          Michelle T. Friend; Phillips, Bohyer & Hedger, P.C., Billings, Montana

Submitted on Briefs:  May 21, 2008

Decided:  October 20, 2008

Filed:

_____
                       Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Bruce K. Dovey ("Dovey") appeals the District Court's order granting summary judgment in favor of BNSF Railway Corporation ("BNSF"), permitting BNSF to amend its answer, and dismissing Dovey's claims on the basis of judicial estoppel. We reverse and remand.

¶2    Dovey raises several issues on appeal, which we recharacterize as follows:

¶3    Did the District Court err by granting BNSF's motion for summary judgment and concluding as a matter of law that Dovey was judicially estopped from pursuing his claim against BNSF?

## BACKGROUND

¶4    Dovey had financial difficulties which ultimately led him to file for bankruptcy. He first met with his bankruptcy attorney Steven Winship ("Winship") on June 1, 2004. At this initial meeting, Dovey filled out a worksheet listing all his debts and assets.

¶5    Two weeks later, Dovey sustained severe injuries to his right knee, allegedly in the course of performing his duties as a conductor for BNSF. According to Dovey, a knuckle between the cars broke, and when he stepped off the car to investigate, the ballast beneath him gave way. A tendon in Dovey's right quadriceps ruptured; three days later, he had surgery.

¶6    Dovey never regained more than 20% of his original strength in his right quadriceps. After two more surgeries and more than a year of therapy, Dovey's doctor declared that he had reached his maximum medical improvement. Dovey could not continue his work as a conductor.

2

¶7      On October 21, 2004, Dovey filed a Chapter 7 petition for bankruptcy. In the attached forms, Dovey failed to list his potential claim against BNSF as an asset. Item 20 on Schedule B directed Dovey to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." In response, Dovey checked "none." Dovey's bankruptcy petition was discharged on February 8, 2005, and later terminated on April 3, 2006.

¶8      On September 8, 2005, Dovey filed this complaint against BNSF under the Federal Employers Liability Act ("FELA"). A year later, on September 26, 2006, BNSF filed a motion for summary judgment on the grounds that Dovey was judicially estopped from pursuing his claim against the railroad. Since Dovey did not list his potential FELA claim against BNSF as an asset in his bankruptcy proceedings, BNSF argued, his claim against BNSF was barred by judicial estoppel.

¶9      Kermit Fruechte, Dovey's attorney for the FELA claim, claimed he was unaware that Dovey had filed for bankruptcy until he read BNSF's motion. Fruechte immediately contacted Dovey's bankruptcy attorney and trustee to notify them of Dovey's pending FELA lawsuit. Dovey's bankruptcy claim was reopened on October 20, 2006, and the Bankruptcy Court appointed Fruechte to represent the trustee in the reopened claim.

¶10     In response to BNSF's summary judgment motion, Dovey claimed that he did not know that his potential FELA claim was an asset which should have been included in the settlement of his bankruptcy petition. He argued that since his bankruptcy case was reopened, any proceeds he gained from the FELA lawsuit would be given over to his creditors. Thus, Dovey contended, judicial estoppel should not bar his FELA claim.

3

Finally, Dovey noted that judicial estoppel is an affirmative defense which should have been raised in BNSF's answer to his complaint, not on a motion for summary judgment. BNSF subsequently brought a motion to amend its answer to assert judicial estoppel as an affirmative defense.

¶11 The District Court granted BNSF's motion for summary judgment, and dismissed Dovey's claims on the basis of judicial estoppel. Dovey appeals.

## STANDARD OF REVIEW

¶12 We review a district court's grant of summary judgment de novo. *Farmers Union Mut. Ins. Co. v. Staples*, 2004 MT 108, ¶ 18, 321 Mont. 99, ¶ 18, 90 P.3d 381, ¶ 18. Under M. R. Civ. P. 56(c), "[t]he moving party must establish both the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Farmers Union Mut. Ins. Co.*, ¶ 18 (citation omitted). If this is accomplished, then the burden shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue of material fact does exist. *Farmers Union Mut. Ins. Co.*, ¶ 18. If no genuine issues of material fact exist, then the court must determine whether the moving party is entitled to judgment as a matter of law. *Farmers Union Mut. Ins. Co.*, ¶ 18.

## DISCUSSION

¶13 **Did the District Court err by granting BNSF's motion for summary judgment and concluding as a matter of law that Dovey was judicially estopped from pursuing his claim against BNSF?**

¶14 As a general rule, "FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal." *St. Louis*

4

*Southwestern R. Co. v. Dickerson*, 470 U.S. 409, 411, 105 S. Ct. 1347, 1348 (1985). Yet, as the Ninth Circuit has recognized, "[t]he choice between state and federal law is hard for a doctrine such as judicial estoppel, a hybrid between substance and process that on occasion affects the outcome." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 602 (9th Cir. 1996) (citation and internal quotation marks omitted). In the instant case, the District Court applied federal law. Neither party appeals the court's application of federal law; accordingly, we will apply federal law. We reach no conclusion today as to whether Montana law differs from federal law on the issue of judicial estoppel, or whether Montana law (rather than federal) might govern the issue of judicial estoppel in a future case.

¶15 Courts may invoke the equitable doctrine of judicial estoppel to prevent a party from asserting a claim that is incompatible with a position advanced by that party in a previous proceeding in which the party prevailed. *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct. 1808, 1814 (2001). To determine whether a party is judicially estopped from raising a certain claim, the Ninth Circuit considers three distinct factors:

> (1) whether a party's later position is "clearly inconsistent" with its original position;
>
> (2) whether the party has successfully persuaded the court of the earlier position, and
>
> (3) whether allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party."

*U.S. v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008) (citing *New Hampshire*, 532 U.S. at 750-51, 121 S. Ct. at 1815).

5

¶16    Before reaching these three factors in *Ibrahim*, the Ninth Circuit first addressed a threshold matter: whether the party intentionally sought to manipulate the courts by taking inconsistent positions.   Judicial estoppel "seeks to prevent the *deliberate* manipulation of the courts," the Ninth Circuit emphasized, "and therefore should not apply when a party's prior position was based on inadvertence or mistake." *Ibrahim*, 522 F.3d at 1009 (citation and internal quotation marks omitted).   *Accord Wagner v. Professional Eng's in Cal. Gov't*, 354 F.3d 1036, 1054 (9th Cir. 2004) (J. Clifton, concurring in part and dissenting in part) (noting that "Ninth Circuit precedent . . . recognizes an exception to the judicial estoppel doctrine where a party advances a good faith, though legally incorrect position and later alters its position in subsequent litigation."); *Wyler Summit v. Turner Broadcasting System*, 235 F.3d 1184, 1190 (9th Cir. 2000) (judicial estoppel requires "a *knowing* antecedent misrepresentation by the person or party alleged to be estopped") (emphasis added); *Johnson v. State of Oregon*, 141 F.3d 1361, 1369 (9th Cir. 1998) ("Judicial estoppel applies when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court.  If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply.") (citations and internal quotation marks omitted); *Hefland v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997) ("Judicial estoppel seeks to prevent the deliberate manipulation of the courts; it is inappropriate, therefore, when a party's prior position was based on inadvertence or mistake.").

¶17    In *Ibrahim*, the court concluded that the party had made an honest mistake, and that the inconsistency in positions was not based on chicanery.  *Ibrahim*, 522 F.3d at

6

1009.  Thus, the court concluded, before it even reached the *New Hampshire* test, that judicial estoppel was not applicable.  *Ibrahim*, 522 F. 3d at 1009.

¶18     Here, the District Court erroneously held that "under persuasive 9th [sic] Circuit precedent, this Court need not address the issue of intent."  "However," the court continued, "even considering intent, the result would have been the same. . . .  Dovey . . . had knowledge of [his] claim[] prior to filing for bankruptcy and failed to amend [his] schedule[]. . . .  Dovey . . . did not 'fess up' about his potential claim against BNSF until one year after filing and serving his complaint . . . .  The facts do not add up to allow Dovey to claim that he had no idea that he should list his potential claim against BNSF in his bankruptcy filings."

¶19     The District Court erred as a matter of law in failing to consider whether the inconsistent positions advanced by Dovey were attributable to mistake or inadvertence, or whether he deliberately attempted to manipulate the courts by failing to report his FELA claim.

¶20     The District Court also erred by failing to view the facts in the light most favorable to Dovey.  *Our Lady of the Rockies, Inc. v. Peterson*, 2008 MT 110, ¶ 14, 342 Mont. 393, ¶ 14, 181 P.3d 631, ¶ 14.  On a motion for summary judgment, all reasonable inferences must be drawn in favor of the non-movant.  *Our Lady of the Rockies*, ¶ 14. Furthermore, "a district court makes no factual findings and resolves no factual disputes at the summary judgment stage."  *Richards v. Knuchel*, 2005 MT 133, ¶ 25, 327 Mont. 249, ¶ 25, 115 P.3d 189, ¶ 25.  The District Court, however, dismissed Dovey's and Winship's affidavits as "self-serving protestations of innocent intent," and found that they

were "not persuasive of Dovey's alleged innocent intent." Dovey claimed that he did not initially plan to sue BNSF, because he thought he would recover fully from his injuries and return to work. Yet the District Court found that in October 2004, "Dovey certainly was contemplating a lawsuit." In sum, the District Court erred in making these findings of fact on a motion for summary judgment, and by failing to view the facts presented in the light most favorable to Dovey.

¶21 Dovey raised a genuine issue of material fact as to whether his unscheduled claim was the product of a good faith mistake or an inadvertent omission, or whether he deliberately attempted to manipulate the courts. Dovey claimed his failure to list his suit against BNSF as an asset was an honest mistake. Dovey met with Winship and made a list of his assets and debts *before* he was injured. As discussed above, Dovey presented evidence, including his medical records, in support of his claim that he did not even consider suing BNSF until after he filed for bankruptcy. Of course, once Dovey realized he had a potential claim against BNSF, he had a duty to update his bankruptcy schedule accordingly. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). Dovey claims that he did not intentionally omit his claim against BNSF, but rather, that he misunderstood the legal jargon used on the forms. Both of Dovey's attorneys submitted affidavits in support of Dovey's assertions. At Dovey's request, the Bankruptcy Court re-opened the case. In short, Dovey has presented more than enough evidence to establish that a genuine issue of material fact exists as to whether he intentionally omitted his FELA claim from his bankruptcy petition. Thus, the District Court erred in granting summary judgment in favor of BNSF. We draw no conclusions

8

today as to whether Dovey intentionally or mistakenly omitted his FELA claim: that issue must be decided on remand by the fact-finder.

## CONCLUSION

¶22   In sum, the District Court erred by granting BNSF's motion for summary judgment, and dismissing Dovey's claim. A genuine issue of material fact exists as to whether Dovey's failure to list his claim against BNSF as an asset in his bankruptcy petition was intentional. We reverse and remand for further proceedings consistent with this opinion. In light of this decision, we do not reach the question of whether the District Court erred by granting BNSF's motion to amend its answer since it is not a final judgment that is appealable under M. R. App. P. 4(1)(a).

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE