FILED

09/07/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0556

DA 20-0556

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 227

DEANNA H. McATEE,

      Plaintiff and Appellant,

  v.

MORRISON AND FRAMPTON, PLLP,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-14-1017
Honorable Dan Wilson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Mark M. Kovacich, Ben A. Snipes, Odegaard Kovacich Snipes, P.C.,
            Great Falls, Montana

            Michael J. McKeon, Jr., McKeon Law, PLLC, Butte, Montana

      For Appellee:

            Fred Simpson, Jenks & Simpson, P.C., Missoula, Montana

Submitted on Briefs:  July 14, 2021
Decided:  September 7, 2021

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Plaintiff Deanna H. McAtee appeals from the orders of the Eleventh Judicial District Court, Flathead County, granting summary judgment in favor of Defendant Morrison and Frampton, PLLP, (M&F) and dismissing McAtee's malicious prosecution claim with prejudice.  We restate and address the following issues on appeal:

1. *Did the District Court err by granting summary judgment to M&F on McAtee's malicious prosecution claim upon determining the claim was judicially estopped?*

2. *Did the District Court err by granting summary judgment to M&F on McAtee's malicious prosecution claim upon its determination that McAtee could not demonstrate M&F lacked probable cause to bring the claim?*

¶2     We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     In May 2007, McAtee owned The Mortgage Source (TMS), a mortgage company that brokered loans under a line of credit with Whitefish Credit Union (WCU).  McAtee brokered a construction loan, managed by WCU employee Doug Johnson, on which the borrowers defaulted in 2008.  McAtee was included on the loan as a personal guarantor, and TMS held a trust indenture on the property.  TMS assigned its interest in the trust indenture to WCU.  The assignment was not recorded.

¶4     When the borrowers defaulted on the loan, Johnson instructed McAtee to foreclose on the property to save WCU the foreclosure expenses. A trustee sale occurred in February 2010, at which time TMS obtained title to the property.  TMS sought additional financing

2

from WCU to complete the unfinished construction on the property and to enable the property's sale to satisfy a portion of the loan obligations owed to WCU. WCU refused, which prompted McAtee to obtain a loan from another source secured by the property.

¶5 In March 2011, M&F filed a civil complaint against McAtee on behalf of WCU, alleging that McAtee committed fraud when she foreclosed on the property and pledged WCU's collateral rather than TMS's collateral as security for the mortgage to the new lender, leaving WCU with an unsecured loan. M&F also reported the fraud allegations to federal law enforcement authorities, resulting in McAtee's indictment on two counts of federal banking fraud.

¶6 The criminal charges and civil fraud claims were ultimately dismissed against McAtee on September 19, 2012, and January 29, 2014, respectively. During the pendency of the civil and criminal fraud actions, on July 30, 2011, McAtee filed for bankruptcy and received a discharge from the bankruptcy court on November 9, 2011. The bankruptcy court closed its file on May 20, 2013.

¶7 In January 2015, McAtee filed a separate civil lawsuit against M&F alleging malicious prosecution (Count I), abuse of process (Count II), and constructive fraud (Count III), based on M&F's involvement in initiating the fraud proceedings against her. M&F moved for summary judgment on all claims, asserting McAtee was judicially estopped from pursuing her claims against M&F because she had failed to disclose the claims as assets in her personal bankruptcy. M&F also argued it was immune from the malicious prosecution claim based on federal law; that McAtee's abuse of process and constructive

fraud claims were time-barred under the applicable statutes of limitations; and that McAtee failed to allege facts in her complaint establishing all elements of constructive fraud.

¶8 In its May 14, 2018 and January 31, 2019 orders, the District Court denied M&F summary judgment on McAtee's malicious prosecution claim upon determining that the claim was not barred by judicial estoppel. The District Court granted M&F summary judgment on each of McAtee's claims on other grounds and dismissed the claims with prejudice.

¶9 McAtee appealed the District Court's orders, and M&F cross-appealed. We dismissed the appeal without prejudice and remanded to the District Court for reconsideration in light of our intervening opinion, *Kucera v. City of Billings*, 2020 MT 34, 399 Mont. 10, 457 P.3d 952. *See McAtee v. Morrison & Frampton, PLLP*, No. DA 19-0278, Order (Mont. Mar. 10, 2020).

¶10 In its October 23, 2020 order on remand, the District Court granted summary judgment in favor of M&F on the issue of judicial estoppel and dismissed McAtee's malicious prosecution claim with prejudice. McAtee appeals.

## STANDARDS OF REVIEW

¶11 "We conduct a *de novo* review of a district court's ruling on motions for summary judgment, using the same M. R. Civ. P. 56 criteria as the district court." *Norbeck v. Flathead Cty.*, 2019 MT 84, ¶ 12, 395 Mont. 294, 438 P.3d 811. M. R. Civ. P. 56(c)(3) provides that summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." If the

4

movant establishes no material factual dispute and entitlement to judgment as a matter of law, the burden then shifts to the non-movant "to prove, by more than mere denial and speculation, that a genuine issue of material fact does exist." *Dovey v. BNSF Ry. Co.*, 2008 MT 350, ¶ 12, 346 Mont. 305, 195 P.3d 1223.

¶12 In deciding a motion for summary judgment, the court "makes no factual findings and resolves no factual disputes . . . ." *Dovey*, ¶ 20 (citations omitted).

## DISCUSSION

¶13 *1. Did the District Court err by granting summary judgment to M&F on McAtee's malicious prosecution claim upon determining the claim was judicially estopped?*

¶14 "Judicial estoppel is an equitable doctrine intended to protect the integrity of the judicial process from manipulation by litigants who seek to prevail, twice, on opposite theories." *Kucera*, ¶ 9. The doctrine prevents a party to an action from intentionally taking a position inconsistent with the party's prior judicial declarations. *Kucera*, ¶ 9. Judicial estoppel does not apply "when a party's prior position was based on inadvertence or mistake." *Kucera*, ¶ 9.

¶15 In the context of bankruptcy, we have recognized that "a debtor who fails to disclose a contingent and unliquidated claim in a bankruptcy proceeding is judicially estopped from pursuing that claim after being discharged from bankruptcy." *Kucera*, ¶ 9 (citing *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001)). A debtor who realizes she has a potential claim against a creditor must amend her bankruptcy schedule to include the claim as an asset. *Kucera*, ¶ 10 (citing *Dovey*, ¶ 21). *See also* 11 U.S.C. § 541(a) (providing the bankruptcy estate includes "all legal or equitable interests of the debtor in

property as of the commencement of the case."). The debtor's duty to disclose the potential claim continues until the bankruptcy proceeding closes. *Kucera*, ¶ 12.

¶16    McAtee argues on appeal that at the time she filed her bankruptcy petition, she was not required "to schedule a potential malicious prosecution claim as if it were an accrued cause of action" because no favorable termination of the action had occurred in the underlying case.

¶17    "To determine whether a claim for malicious prosecution is part of the bankruptcy estate, one must examine whether it is sufficiently rooted in pre-petition conduct." *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2011 U.S. Dist. LEXIS 44367, at *13, 2011 WL 1586069 (Apr. 22, 2011). A claim for malicious prosecution is established upon a showing of the following elements:

> (1) a judicial proceeding was commenced and prosecuted against the plaintiff;
> (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding;
> (3) there was a lack of probable cause for the defendant's acts;
> (4) the defendant was actuated by malice;
> (5) the judicial proceeding terminated favorably for plaintiff; and
> (6) the plaintiff suffered damage.

*Plouffe v. Mont. Dep't of Pub. Health & Human Servs.*, 2002 MT 64, ¶ 16, 309 Mont. 184, 45 P.3d 10. All six elements must exist for the claim to accrue. *Plouffe*, ¶ 16; *Belanus v. Potter*, 2017 MT 95, ¶ 17, 387 Mont. 298, 394 P.3d 906 (quoting § 27-2-102(2), MCA) ("A claim accrues 'when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action.'").

6

¶18 McAtee filed her bankruptcy petition on July 30, 2011. Because the criminal fraud charges were commenced and dismissed against her during the time her bankruptcy case was open, McAtee was required to disclose her malicious prosecution claim as premised on the criminal case once the charges were dismissed. *See Kucera*, ¶ 12 (quotations omitted). McAtee's failure to disclose the claim as premised on the criminal charges in her bankruptcy judicially estops her from pursuing the claim in this later action.[1]

¶19 McAtee was not required, however, to amend her bankruptcy schedules to include her malicious prosecution claim as premised on the civil fraud action because no termination, favorable or otherwise, existed in the civil fraud action while McAtee's bankruptcy case was pending. Considering that "the element of termination in [a] plaintiff's favor is of paramount importance to a malicious prosecution claim, and the claim would not exist without this primary predicate," *Johnson*, *20, McAtee's malicious prosecution claim, as premised on the civil fraud action, had not yet accrued at the time she filed her bankruptcy petition and cannot be deemed rooted in her pre-bankruptcy conduct. McAtee was therefore not required to schedule the claim as an asset in the bankruptcy proceeding.

¶20 The District Court erred by holding that McAtee's failure to disclose the unaccrued malicious prosecution claim based on M&F's civil fraud action in the bankruptcy proceeding judicially estopped her from later pursuing the claim. To the extent McAtee's

---

[1] McAtee also argues on appeal that M&F's report of fraud leading to the criminal charges was not protected under 31 U.S.C. § 5318 of the Anunzio-Wylie Anti-Money Laundering Act. Because we determine McAtee's malicious prosecution claim as premised on the criminal charges is judicially estopped, we decline to address this argument on appeal.

7

claim was premised on M&F's instigation of criminal charges against her, the District Court correctly held that she is judicially estopped from pursuing the claim.

¶21    *2. Did the District Court err by granting summary judgment to M&F on McAtee's malicious prosecution claim upon its determination that McAtee could not demonstrate M&F lacked probable cause to bring the claim?*

¶22    "A malicious prosecution begins in malice, without probable cause to believe the action can succeed, and finally ends in failure." *Plouffe*, ¶ 16. "Want of probable cause is an essential element of a malicious prosecution cause of action." *Reece v. Pierce Flooring*, 194 Mont. 91, 96, 634 P.2d 640, 643 (1981). In the context of malicious prosecution, probable cause means "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious person in the belief that the accused is guilty of the offense charged." *White v. State*, 2013 MT 187, ¶ 36, 371 Mont. 1, 305 P.3d 795 (internal alterations omitted).

¶23    McAtee correctly argues on appeal that the District Court erroneously determined as a matter of law that M&F had probable cause to file the underlying fraud claim. Probable cause is "determined under an objective standard on the basis of the facts known to the party initiating the legal action . . . ." *Plouffe*, ¶ 18. "A finding of probable cause to instigate civil litigation . . . is based on a totality of the circumstances." *Plouffe*, ¶ 19. As such, the issue of whether probable cause existed at the time of filing the underlying action "must be submitted to the jury for resolution when direct and circumstantial evidence related to the defendant's knowledge is susceptible to different conclusions by reasonable persons." *Plouffe*, ¶ 18. "Only where the material facts are not in dispute, or when only

8

reasonable inference can be drawn from the evidence, does the existence of probable cause become an issue of law for the court to resolve." *Reece*, 194 Mont. at 96, 634 P.2d at 643.

¶24   The theory underlying McAtee's malicious prosecution claim is that M&F's investigation based solely on review of the WCU loan file formed an inadequate basis to establish probable cause, because certain witnesses or possible witnesses were not interviewed prior to M&F filing the civil fraud claim against McAtee.[2]  McAtee alleges in her amended complaint that neither M&F nor WCU spoke with WCU employee Johnson, who instructed that McAtee foreclose on WCU's lien interest to avoid WCU bearing the costs of foreclosure.  McAtee's allegations regarding the reasonableness of M&F's actions or inactions during its investigation are a material factual dispute that must be resolved by a jury.  The District Court erred in granting summary judgment to M&F on McAtee's civil malicious prosecution claim.

## CONCLUSION

¶25   We reverse the District Court's grant of summary judgment to M&F upon determining that McAtee's failure to disclose the civil fraud claim in the bankruptcy proceeding judicially estopped her from later pursuing her malicious prosecution claim. We affirm the District Court's grant of summary judgment to M&F to the extent it applied judicial estoppel to McAtee's claim as premised on the criminal charges that were brought against her.  We reverse the District Court's grant of summary judgment to M&F upon

---

[2] Although McAtee focuses her argument on appeal primarily on whether M&F had probable cause to *institute* its civil fraud claim, the lack of probable cause element of a malicious prosecution claim may be established by a defendant's conduct in "instigating, prosecuting or continuing a judicial proceeding . . . ." *Spoja v. White*, 2014 MT 9, ¶ 12, 373 Mont. 269, 317 P.3d 153.

determining that McAtee could not demonstrate as a matter of law that M&F lacked probable cause at the time M&F filed its civil fraud claim. We remand the case for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR
/S/ JIM RICE