DA 13-0199

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 293N

DELMAR BENJAMIN,

      Plaintiff and Appellant,

  v.

JOYCE BENJAMIN and CECIL BENJAMIN,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Toole, Cause No. DV-11-086
Honorable Laurie McKinnon and
Honorable Robert G. Olson, Presiding Judges

COUNSEL OF RECORD:

      For Appellant:

      Delmar Benjamin (Self-Represented); Shelby, Montana

      For Appellees:

      Jason T. Holden, Dana A. Ball; Faure Holden Attorneys at Law, P.C.;
Great Falls, Montana

Submitted on Briefs:  September 11, 2013
Decided:  October 8, 2013

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Delmar Benjamin (Delmar) appeals the orders of the Ninth Judicial District Court, Toole County, dismissing his complaint and denying his motion for relief from the order granting dismissal.  We affirm.

¶3    Delmar filed an amended complaint in December 2011 in the District Court.  He raised three claims in his amended complaint:  (1) that his brother and mother, Cecil Benjamin (Cecil) and Joyce Benjamin (Joyce), had breached a farmland lease; (2) that Joyce had breached a gas well agreement; and (3) that Cecil had inappropriately distributed their father's probate assets.  Cecil and Joyce filed a motion to dismiss, alleging Delmar failed to state a claim upon which relief may be granted under M. R. Civ. P. 12(b)(6).  The District Court granted the motion to dismiss on May 22, 2012.

¶4    A restatement of the dispositive issue on appeal is whether the District Court erred when it determined that Delmar failed to state a claim upon which relief may be granted. A district court's determination that a complaint failed to state a claim presents a conclusion of law, which we review for correctness. *Jones v. Mont. Univ. Sys.*, 2007 MT 82, ¶ 15, 337 Mont. 1, 155 P.3d 1247 (internal citations omitted).

2

¶5 Regarding the farm lease, Delmar asserts the District Court did not take the allegations set forth in the complaint as true and failed to even consider them. He argues that the lease was not oral but was a "periodic tenancy with the expectation of renewal" based on a written contract. Cecil and Joyce counter that "[t]he written farm lease agreement upon which Delmar relies terminated by its own terms on March 1, 1995," and that there was no renewal provision in the lease or other lease agreement. Because the lease was not in writing, they argue this claim was barred by the statute of frauds pursuant to § 28-2-903(1)(d), MCA. Moreover, they argue "the facts alleged by Delmar did not disclose the elements necessary to make a claim for breach of contract."

¶6 The District Court correctly dismissed Delmar's claim regarding the farm lease. The written lease agreement between Delmar and his father was for a term of one year (from 1994 to 1995) and did not include a renewal provision. Pursuant to § 70-26-204, MCA, an implied renewal period based on Delmar's continued possession may be presumed for a year after the termination of the lease agreement, but not in excess of that one year. As the lease agreement is not evidenced by a writing, the District Court correctly concluded that Delmar's claim was barred by the statute of frauds pursuant to § 28-2-903, MCA.

¶7 To support his second claim regarding the gas well agreement, Delmar again argues that the District Court ignored the contentions set forth in the complaint. He maintains he set forth a set of facts that, if proven, could result in a claim of tortious interference with a contract. Joyce and Cecil counter that Joyce owns the gas well and that Delmar fails to allege that plugging the gas well constituted a breach of any

3

purported gas well agreement. Given Delmar's failure to establish a breach, we determine the District Court correctly concluded that Delmar failed to state a claim for relief.

¶8 Delmar's final claim is that Cecil breached his fiduciary duty as personal representative of their father's estate. Though the District Court dismissed this claim for lack of subject matter jurisdiction, Delmar argues that the District Court had jurisdiction pursuant to the doctrine of equity. He further argues the District Court failed to honor his father's intent by not granting him possession of his portion of his father's tangible personal property.

¶9 Because the estate was probated in the Ninth Judicial District Court in a case with a separate cause number, the district court that probated the estate, rather than the District Court in this cause, had subject matter jurisdiction over the estate pursuant to § 72-1-202(1)(a), (2), MCA. Delmar failed to attend any hearings regarding the settlement and distribution of the estate in the probate matter. Delmar did not challenge the will when it was probated, and he cannot do so now in this action in the District Court. The District Court correctly concluded that it did not have subject matter jurisdiction over this claim.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶11 For the foregoing reasons, we affirm the District Court's decision.

4

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BRIAN MORRIS