E-FILED
CNMI SUPREME COURT
E-filed: Aug 10 2023 04:04PM
Clerk Review: Aug 10 2023 04:04PM
Filing ID: 70602265
Case No.: 2022-SCC-0015-CIV
Judy Aldan



IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

**DEPARTMENT OF PUBLIC LANDS,**
*Plaintiff-Appellant,*

*v.*

**BASILIUS BLAS,**
*Defendant-Appellee.*

**Supreme Court No. 2022-SCC-0015-CIV**

---

**SLIP OPINION**

**Cite as: 2023 MP 7**

Decided August 10, 2023

————————

ASSOCIATE JUSTICE PERRY B. INOS
JUSTICE PRO TEMPORE ROBERT J. TORRES, JR.
JUSTICE PRO TEMPORE F. PHILIP CARBULLIDO

————————

Superior Court No. 92-0040-CV
Presiding Judge Roberto C. Naraja, Presiding

————————

INOS, J.:

¶ 1    Appellant Department of Public Lands ("DPL") appeals from an order dismissing its action against Appellee Basilius Blas ("Blas") without prejudice for failure to prosecute. The court granted the order after a period of inaction surpassing 20 years. For the following reasons, we AFFIRM the court's order.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2    This case is about whether Blas could enter onto and construct buildings on Lot 138 E 10 ("Lot 138"). He built a home on the lot around 1990. Blas had received a grazing permit in Marpi, but the parties dispute whether he received permission to occupy this lot.

¶ 3    In 1990, DPL's predecessor agency, the Marianas Public Land Corporation ("MPLC"), wrote to Blas asking him to remove the house and the other structures built on public land. Blas did not comply. In 1991, he applied for an agricultural homestead waiver for Lot 138 E 10. MPLC responded by saying that it would investigate before making a determination. No determination was made.

¶ 4    In 1992, MPLC filed a complaint against Blas to vacate Lot 138 and remove the buildings. Blas counterclaimed for unjust enrichment. In June 1997, MPLC moved for summary judgment. Blas cross-moved for summary judgment. The court heard arguments on the motions and took the matter under advisement.

¶ 5    One year later, the court ordered additional briefing, to which only MPLC responded. This was the last filing until 2020. The court never ruled on the summary judgment motions, and neither party took any action.

¶ 6    In February 2020, Blas sent DPL a letter regarding his still pending homestead waiver application. DPL learned of the case and requested a status conference. The court ordered the parties to submit a statement of facts explaining the case's history.  In response, Blas moved to dismiss for failure to prosecute under Commonwealth Rule of Civil Procedure 41(b).[1] The court heard the motion and the summary judgment motions and took them under advisement.

¶ 7    On March 21, 2022, the court ordered supplemental briefing in light of our decision in *Villagomez v. Marianas Ins. Co.*, 2021 MP 12, which also concerned Rule 41(b). Blas passed away on July 29, 2022. Several weeks later, the court granted the Rule 41(b) motion and dismissed the case without prejudice. DPL appealed.

## II. JURISDICTION

¶ 8    We have jurisdiction over final judgments of the Superior Court. NMI CONST. art. IV, § 3. A dismissal of an action is an appealable final judgment. *See Kalayaan, Inc. v. Imbo*, 2016 MP 16 ¶¶ 8–9; *Ash v. Cvetkov*, 739 F.2d 493, 496

---

[1]    This is the predecessor—in effect when this case started in 1992—to the current NMI Rule of Civil Procedure 41(b). The current rule has slightly different wording but is substantially identical.

(9th Cir. 1984) ("Dismissal of an action without prejudice [for failure to prosecute] is appealable.").

### III. ISSUES PRESENTED AND STANDARD OF REVIEW

¶ 9     DPL appeals two issues: (1) whether the court erred in granting Rule 41(b) dismissal without first providing notice of dismissal for want of prosecution under Rule of Practice 16 and (2) whether the court erred in that by granting the Rule 41(b) dismissal, the court ignored the ban on adverse possession of public land.

¶ 10     DPL's arguments about Rule of Practice 16 and adverse possession involve legal questions which we review de novo. *In Re Estate of Moteisou*, 2023 MP ¶ 7. We review dismissals for failure to prosecute for abuse of discretion. *Wabol v. Villacrusis*, 2000 MP 18 ¶ 2. We will not reverse the court's decision to dismiss under Rule 41(b) unless we have a firm and definite conviction it committed a clear error of judgment. *Villagomez,* 2021 MP 12 ¶ 14.

### IV. DISCUSSION
*A. Five-Factor Test*

¶ 11     NMI courts weigh five factors in considering Rule 41(b) motions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Su Yue Min v. Feng Hua Enter.*, 2017 MP 3 ¶ 20. "A dismissal may be affirmed where at least four factors support dismissal, . . . or where at least three factors strongly support dismissal." *Id.* (internal quotation and citation omitted).[2] Neither party analyzed the five-factor test. DPL's arguments focused on Commonwealth Rule of Practice 16 and adverse possession. We review the court's consideration in turn.

¶ 12     The first factor "always favors dismissal." *Villagomez*, 2021 MP 12 ¶ 20. In *Villagomez*, where we affirmed a Rule 41(b) dismissal, we identified two periods of inactivity by the plaintiff; one three and a half years and the other four years. The period of inactivity was over 20 years, many times longer than in *Villagomez*. While the court acknowledged that a decision on the summary judgment motions was pending and that MPLC underwent a reorganization into DPL, the court found the extensive delay in calling for a status conference inexcusable.

¶ 13     For the second factor, we give great deference to the court's concern over its docket management since it is best situated to decide when delays interfere with its workload. *Id.* at ¶ 21. The court said the case's extreme age hindered its docket management by forcing it to review old physical case files rather than address more current litigation. The court found this factor favors dismissal.

---

[2]     This is the first appeal we have heard concerning dismissal for failure to prosecute without prejudice. Our previous cases, *Mafnas v. Commonwealth*, 2 NMI 248 (1991), *Wabol v. Villacrusis*, 2000 MP 18, *Su Yue Min v. Feng Hua Enter.*, 2017 MP 3, and *Villagomez v. Marianas Ins. Co.*, 2021 MP 12, all concerned dismissals with prejudice.

¶ 14   For the third factor, there is a rebuttable presumption that the delay was prejudicial to Blas. *Su Yue Min*, 2017 MP 3 ¶ 24. DPL argues that Blas has not been prejudiced because certain relevant written witness statements are available. The court was not persuaded, noting many witnesses have either died or moved away from Saipan and that the memory of any witnesses still available would have faded over the decades.[3] The court found the third factor supports dismissal.

¶ 15   The fourth factor always weighs against dismissal because there is a strong public policy interest in deciding cases on their merits. *Milne v. Po Tin*, 2001 MP 16 ¶ 23. Yet dilatory conduct on the part of a plaintiff can outweigh this public policy interest. *Villagomez*, 2021 MP 12 ¶ 23. The court determined that DPL's conduct was much more egregious than that of the plaintiffs in *Villagomez* due to its inaction for over 20 years. It found the dilatory conduct outweighed the public policy interest in favoring resolution on the merits.

¶ 16   The fifth factor requires courts to engage in "reasonable exploration of possible and meaningful alternatives" to dismissal. *Su Yue Min*, 2017 MP 3 ¶ 26. Alternatives include "conditional orders of dismissal, disciplinary action directed at the erring attorney, monetary sanctions, and reprimands." *Milne v. Po Tin*, 2001 MP 16 ¶ 26. The court determined that only dismissal was appropriate.[4] It said:

> Monetary sanctions cannot bring back witness[es] from the dead or memories that fade. Disciplinary action and reprimands are also inappropriate as it was not Plaintiff's current counsel who caused the delay. It was DPL and its predecessors who had a duty to keep this case moving. While DPL has tried recently to do just that, they are too little too late.
> Motion to Dismiss Order at 8.

Having determined that four of the five factors support dismissal, the court granted the Rule 41(b) motion.

¶ 17   We agree with the court's analysis. Of particular importance here is the extensive delay—over twenty years—on behalf of DPL. In *Villagomez*, we identified as favorable a number of federal court decisions dismissing cases where plaintiffs delayed for as little as two months and as long as four years. *Villagomez v. Marianas Insurance Co.*, 2021 MP 12 ¶ 20 (citing *Moneymaker v. CoBen*, 31 F.3d 1447, 1452 (9th Cir. 1994); *Wade v. City of Los Angeles*, 2013 U.S. Dist. LEXIS 12804 *1-2 (C.D. Cal. Jan. 29, 2013)). The delay here was even lengthier We hold the trial court did not abuse its discretion in dismissing for failure to prosecute.

¶ 18   We next consider DPL's two main assignments of error.

---

[3]   Nonetheless, we note that any prejudice Blas might suffer from loss of witnesses and memory would occur only at trial and would not have prevented the court from ruling on the competing summary judgment motions.

[4]   We also observe that the court could still have decided the summary judgment motions before ruling on the Rule 41(b) motion.

*B. Rule 16*

¶ 19    Rule of Practice 16 is titled "Dismissal for Want of Prosecution." Under this rule, the clerk of court will notify parties of cases which have been inactive for over two years that unless some action occurs or an explanation of inactivity is provided, the case will be dismissed. DPL argues that Rule 16 was not followed in this case and that no notices of inactivity were sent, making dismissal unfair. It asserts that if it or MPLC had received a notice of inactivity, it would have remedied the inaction.

¶ 20    DPL did not raise Rule 16 before the trial court but asks that we consider this argument under the exception allowing purely legal issues to be raised for the first time on appeal. *Reyes v. Reyes*, 2004 MP 1 ¶ 87. We are not convinced this question is purely legal, as it is speculative how DPL or MPLC would have responded to a notice of inactivity. We, therefore, decline to review the Rule 16 argument.[5]

*C. Adverse Possession*

¶ 21    DPL asserts the court erred because the dismissal amounted to giving Blas adverse possession of public land. Adverse possession is a doctrine which "permits someone to take title away from the lawful owner of land simply by using the land openly for a sufficient period of time." *Teregeyo v. Fejeran*, 2004 MP 18 ¶ 10.

¶ 22    In the court below, DPL contended that dismissal would leave Blas "in unlawful possession of a sizeable piece of public land in defiance of the laws of the CNMI." Appendix to Appellant's Reply Br. at 54. DPL also explicitly argued "the law prohibits adverse possession against the government . . . dismissing the case would effectively allow an adverse possession action against the government contrary to law." *Id.* At 61–62. We find this issue was sufficiently preserved for appeal.

¶ 23    Public land cannot be acquired through adverse possession. *Borja v. Rangamar*, 1 NMI 347, 358 n.14 (1990). But Blas has made no claim based on adverse possession. As Blas notes, he aims to pursue his "claim of the property in question through his pending agricultural homestead waiver application." Appellee's Br. at 6. DPL admits "Defendant does not claim he owns the land." Appellant's Reply Br. at 7 n.4.

¶ 24    Furthermore, the argument assumes that if we affirmed the dismissal, DPL could not refile the action, letting Blas remain on the land indefinitely. It cites *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) for the proposition that a Rule 41(b) dismissal acts as a dismissal with prejudice. We do not agree.

---

5    The appellants in *Villagomez* argued that dismissal for failure to prosecute was improper because notice of inactivity had not been sent under the then-Rule of Civil Procedure 41(b)(2), which was almost identical to Rule of Practice 16. *Villagomez*, 2021 MP 12 (Appellants' Opening Br. at 25). Although our opinion did not explicitly discuss this contention, we implicitly rejected it by affirming dismissal.

¶ 25    *Semtek* stands for the exact opposite. In *Semtek*, the plaintiff filed a case in California state court, which was removed to federal court and dismissed under the statute of limitations. 531 U.S. at 499. The United States Supreme Court considered whether the dismissal barred the plaintiff from subsequently bringing the same claims in Maryland state court, which had a different statute of limitations. *Id.* In analyzing Federal Rule of Civil Procedure 41(b)'s phrase "adjudication upon the merits," the court said:

> an "adjudication upon the merits" is the opposite of a "dismissal without prejudice" . . . *The primary meaning of "dismissal without prejudice," we think, is dismissal without barring the [plaintiff] from returning later, to the same court, with the same underlying claim* . . . Thus, Black's Law Dictionary (7th ed. 1999) defines "dismissed without prejudice" as "removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim," . . . and defines "dismissal without prejudice" as "[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period," *ibid*.
> 531 U.S. at 505–06 (emphasis added).[6]

¶ 26    As the Third Circuit explained, "Only a prior dismissal with prejudice (whether voluntary or involuntary) precludes later relitigating the same claims." *Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020). *See also Vargas v. Zumiez, Inc.*, No. 19 Civ. 2056(AT), 2020 U.S. Dist. LEXIS 140346, at *8 (S.D.N.Y. Aug. 5, 2020) ("Granting dismissal without prejudice allows the court to focus resources on other important matters, and allows Plaintiff to resume his litigation if circumstances permit.") (internal quotations and citations omitted).

¶ 27    Here again is the relevant language in Commonwealth Rule of Civil Procedure 41(b):

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. *Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision . . . operates as an adjudication upon the merits.
> (emphasis added).

The dismissal order did not operate as an adjudication upon the merits because it is a dismissal without prejudice.

¶ 28    We are not persuaded by DPL's argument that our opinion in *Kalayaan, Inc. v. Imbo*, 2016 MP 16, provides that the dismissal of this case constitutes an adjudication on the merits. In *Kalayaan*, we held that a dismissal of a complaint is unappealable but that dismissal of an action pursuant to Rule 4(m) of the NMI

---

6    We look to the federal rules for guidance because they are the model for our rules.

Rules of Civil Procedure can be appealed. *Id.* at ¶¶ 8–9. Dismissal of an action does not automatically equate to a dismissal with prejudice. "A court's dismissal of an action is entered with or without prejudice, depending on the circumstances." *In re Estate of Benjamin*, 339 P.3d 1232, 1234 (Mont. 2014). The trial court's order dismissing this action is a final judgment, but not one with a claim preclusive effect, meaning res judicata would not bar a refiling. Therefore, the dismissal order does not bar DPL from refiling the case.

¶ 29     DPL also contended that refiling the case would amount to circumvention of Rule 41(b) and make dismissal pointless. Again, we disagree. That a party has to start again from the beginning is not a toothless sanction. The potential threat of a dismissal encourages parties to prosecute their case. In addition, any refiling is subject to the limitations the law provides.

¶ 30     Finally, DPL argues that landowners should be allowed to present their case because land in the Commonwealth is scarce and cannot be easily replaced once lost, citing our decision in *Commonwealth v. Bordallo*. 1 NMI 208, 219 (1990). *Bordallo*'s principle is sound, but the case is readily distinguishable. There, we held the court abused its discretion to continue a land condemnation trial to allow an unavailable witness to testify. *Id.* at 212. The defendants were virtually denied an opportunity to present their side. *Id.* at 219. Failure to prosecute was not at issue in *Bordallo*.

¶ 31     The concerns about refiling are not well-founded, and we have no "definite and firm conviction that the trial court committed a clear error of judgment" in granting the Rule 41(b) motion. *Villagomez*, 2021 MP 12 ¶ 14. We reiterate that without such a conviction, we will not find an abuse of discretion and overturn the trial court's decision for dismissal. *Id.*

### V. CONCLUSION

¶ 32     We find the court did not abuse its discretion in dismissing the action under Rule 41(b). We AFFIRM the dismissal without prejudice.

SO ORDERED this 10th day of August, 2023.


/s/
PERRY B. INOS
Associate Justice


/s/
ROBERT J. TORRES, JR.
Justice Pro Tempore


/s/
F. PHILIP CARBULLIDO
Justice Pro Tempore

COUNSEL

J. Robert Glass, Jr., Saipan, MP, for Appellant.

J.P. San Nicolas, Saipan, MP, for Appellee.

NOTICE

This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it may be revised or withdrawn. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e–mail Supreme.Court@NMIJudiciary.com.